NEW YORK BUSINESS BUILDINGS CORPORATION, Appellant, *v.* JAMES McCUTCHEON & COMPANY, Respondent, Impleaded with 5TH AVE.-34TH STREET REALTY Co., INC., Defendant.

First Department, June 23, 1930.

*Edward H. Green* of counsel [*Sullivan & Cromwell*, attorneys], for the appellant.

*George Thoms*, for the respondent.

O'MALLEY, J.   Plaintiff is the owner of a ground lease of premises 341–347 Fifth avenue, which, by its terms, expired April 30, 1927. It contained a privilege of renewal for twenty-one years, which has been exercised by the plaintiff.

Plaintiff's predecessors in title had leased the store and basement of the building to the defendant McCutcheon by a lease which granted to it the privilege of renewal provided the plaintiff itself renewed its own ground lease.

The original lease to McCutcheon contained a covenant against assignments, but by subsequent agreement it was provided that the lessee should have the privilege to assign or underlet the premises, provided the business to be conducted should not be more hazardous or injurious than the linen or kindred business then carried on by McCutcheon.   It was further provided: " But nothing herein contained shall be construed to release or affect the liability of the lessee for the rent herein agreed to be paid   *   *   *."

On October 29, 1924, McCutcheon assigned its lease to a corporation known as the Erseon Realty Corporation, and thereafter the Erseon Realty Corporation contracted to sell the leasehold to Meyrowitz.   It later transferred it to his nominees, the defendant 5th Ave.-34th Street Realty Co., Inc.   Notice of this assignment was given by McCutcheon to plaintiff by letter dated October 29, 1924.   To this communication the plaintiff replied on November 10, 1924.   It referred to the provisions of the instruments between the parties and advised McCutcheon that it waived none of its rights.   The plaintiff on the same day also wrote the Erseon Realty

Corporation to the same effect. When the plaintiff received the check of the Erseon Realty Coporation in payment of the November rent, it wrote McCutcheon under date of November 11, 1924, of its receipt, stating: " Please understand that in using this check and any subsequent checks of like nature which we may receive we are acting entirely without prejudice to the position taken by us in our letter to you of November 10th which position we herewith restate. ' We must refer you to the provisions of the instruments to which you refer, and to advise you that we waive none of our rights.' "

Plaintiff wrote the Erseon Realty Corporation on the same date to the same effect. In November, 1925, it sent McCutcheon the monthly bill. On November fourth McCutcheon returned the bill stating that it should be sent to Meyrowitz. On November sixth the plaintiff wrote to McCutcheon that in accordance with its recent letter it was sending the rent bill to Meyrowitz, but stated: " We are of course doing this for your account and without prejudice to our rights against you or your liabilities to us." On the same date the plaintiff wrote Meyrowitz also reserving all rights as to McCutcheon.

The lease in question bound the lessee " Not to  *  *  * without the written consent of the lessor make any alterations therein, nor use nor suffer to be used the whole or any part thereof for any purpose more injurious than the sale and storage of linen and kindred merchandise such as is now used and sold in the present building in 22nd and 23d Streets of the said James McCutcheon and Company."

In October, 1925, upon learning of plans filed by the defendant 5th Ave.-34th Street Realty Co., Inc., plaintiff had protested against any changes being made to the premises, and notified McCutcheon to the same effect under date of November 5, 1925. The 5th Ave.-34th Street Realty Co., Inc., however, proceeded over plaintiff's protest and began alterations. This action for an injunction was begun January 11, 1926. The defendant McCutcheon counterclaimed for a declaratory judgment and requested adjudication as to its rights to assign the lease, and whether it was obligated on " the lessee's covenants therein contained for breaches of said covenants or any of them occurring after April 30, 1927."

The judgment appealed from, in so far as injunctive relief was denied with respect to the defendant McCutcheon, was proper. While by the assignment in question privity of estate was destroyed as between the plaintiff and McCutcheon, privity of contract was not. (*Gillette Bros.* v. *Aristocrat Restaurant*, 239 N. Y. 87, 90.) McCutcheon was still bound by the terms of the lease, particularly

in view of the reservation of its rights attached to plaintiff's consent to the assignment. Whether McCutcheon might be liable in damages for the alterations made contrary to the provisions of the lease need not be decided. The complaint herein distinctly disavowed any claim for damages or any equitable relief, and merely asked for injunctive relief. McCutcheon, however, is not doing anything on its part, nor may it, as against the present assignee of the lease, take any steps to prevent such assignee from violating the main lease. No injunctive relief could be given to the plaintiff as against McCutcheon.

The declaratory judgment decreeing that the defendant McCutcheon is not liable for rent after April 30, 1927, at which date the renewal period began, is erroneous. The lease to McCutcheon having been renewed by option contained therein, the effect was as if the original lease had contained a term for the renewal period as well as the original term, and the parties hold, not under any new contract by virtue of the renewal, but by virtue of the original lease. (*Jones & Brindisi, Inc.,* v. *Breslaw,* 250 N. Y. 147, 151; *Orr* v. *Doubleday, Page & Co.,* 223 id. 334; *Masset* v. *Ruh,* 235 id. 462.) When the lease was assigned by McCutcheon, plaintiff's consent thereto contained a reservation of all rights as to rent against McCutcheon. Plaintiff's conduct thereafter, as evidenced by the writings above detailed, consistently held to this attitude. It seems to us, therefore, that McCutcheon still is liable on the lease for rent, though out of possession. There still exists privity of contract with respect to the payment of rent. (*Gillette Bros.* v. *Aristocrat Restaurant, supra.*)

As suggested by plaintiff, McCutcheon could have protected itself against the happening of this event by reserving to itself, or by not assigning to its assignee, the right to ask for a renewal. As a matter of fact, this renewal privilege was probably the most important part of the assignment by McCutcheon of its lease, for its own term on the original period had but a short time to run.

It follows that the judgment appealed from should be modified by reversing so much thereof as denies any future liability on the part of McCutcheon & Co. for rent after April 30, 1927, and as so modified affirmed, without costs.

DOWLING, P. J., MERRELL and FINCH, JJ., concur.

Judgment modified by reversing so much thereof as denies any future liability on the part of McCutcheon & Co. for rent after April 30, 1927, and as so modified affirmed, without costs. Settle order on notice. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.