In the Matter of HARVEY HOLDING CORPORATION, Appellant. LOUIS I. SATTER et al., Copartners Doing Business as LOUIS I. SATTER & Co., Respondents.

Argued October 6, 1947; decided November 13, 1947.

*David Krauss* for appellant.  I. The Appellate Division in dismissing appellant landlord's petition committed reversible error as a matter of law, since respondent tenants are in possession under a lease, in force since on and before June 1, 1944, wherein the rental stipulated is in a graduated scale, within the meaning of section 13 of chapter 273 of the Laws of 1946.  The lease, upon the exercise of the tenants' option, constituted a present demise for the full term of three years and three months, beginning December 1, 1943, and ending February 28, 1947. (*Orr* v. *Doubleday, Page & Co.,* 223 N. Y. 334; *Jones & Brindisi* v. *Breslaw,* 250 N. Y. 147; *Raynolds* v. *Browning, King & Co.,* 123 Misc. 367, 217 App. Div. 443, 245 N. Y. 623; *Swan* v. *Inderlied,* 187 N. Y. 372; *Masset* v. *Ruh,* 235 N. Y. 462; *Crimmins* v. *Metropolitan Elevated R. R. Co.,* 87 Hun 187; *Storms* v. *Manhattan Ry. Co.,* 178 N. Y. 493; *Burns* v. *City of New York,* 213 N. Y. 516.)  II. The rental stipulated in the lease is in a graduated scale within the meaning of section 13 of chapter 273 of the Laws of 1946.  (*Miller* v. *Robertson,* 266 U. S. 243; *Allen* v. *Morsman,* 46 F. 2d 891; *United States* v. *Brunett,* 53 F. 2d 219;

*Helvering* v. *St. Louis Southwestern Ry. Co.*, 84 F. 2d 857; *Hyatt* v. *Taylor*, 42 N. Y. 258; *Gillespie* v. *Zittlosen*, 60 N. Y. 449; *Matter of Baron [Grossman]*, N. Y. L. J., June 22, 1946, p. 2487, col. 3; *Matter of 627 Broadway Corp. [Atlantic & Pacific Supply Co.]*, N. Y. L. J., March 12, 1947, p. 977, col. 6; *Matter of Sgarlato [Baltic Plating & Polishing Corp.]*, N. Y. L. J., May 15, 1947, p. 1920, col. 4; *Matter of Nana Realty Corp. [Alfano]*, N. Y. L. J., May 12, 1947, p. 1868, col. 5; *Matter of Murray Properties, Inc. [Weinberg Textiles Corp.]*, N. Y. L. J., May 8, 1947, p. 1808, col. 2.)

*Morris Holman* for respondents. A lease for one definite period of fifteen months at a stipulated annual rental of $3,600, with an option on the part of the tenants only, to extend said lease for a further period of two years at an annual rental of $4,200, is not a graduated scale lease within the meaning of section 13 of chapter 273 of the Laws of 1946. (*Tompkins* v. *Hunter*, 149 N. Y. 117.)

FULD, J. In 1936, respondents, as tenants, and appellant's predecessor, as landlord, executed a lease to cover two stores located in New York City. There were periodic renewals. On November 30, 1943, an extension agreement was signed by the parties; in substance, it modified the preceding lease and extended the term from December 1, 1943, to February 28, 1945, with a monthly rental during that period of $300. By provision in the extension agreement, the tenants were given the privilege of extending the lease for two years further — that is, from March 1, 1945, to February 28, 1947 — at an increased monthly rental of $350. The tenants exercised the option and paid that sum — $350 a month — for the remainder of the term.

In March, 1947, the landlord petitioned the court for an order determining and fixing the fair and reasonable rental to be paid pursuant to section 13 of the Business Rent Law (L. 1945, ch. 314, as amd. by L. 1946, ch. 273). The petition recites that such rent is to be based upon " the rent charged for the most nearly comparable business space in the same building ". That was the proper criterion only if the lease stipulated a rent " in a graduated scale " (§ 13). By their amended answer, the tenants denied that the

lease called for a graduated rent and asked for a dismissal of the petition. When the petition came on for hearing, the court granted the landlord's application to the extent of placing the matter on the calendar upon condition that a notice of issue be filed, calendar fees be paid and " the bill of particulars, &ast; &ast; &ast; as required by Chapter 314 of the Laws of 1945, as amended," be served.

The landlord, indicating reliance upon section 13, served a bill of particulars which set forth merely the locations and areas occupied by other tenants in the building and the rentals paid by each. Section 4 of the statute requires the landlord, following the tenant's written demand, to furnish the particulars therein specified in " any proceeding &ast; &ast; &ast; under this section," and directs dismissal of the proceeding if the particulars be not supplied. Pointing to that provision, the tenants moved for an order dismissing the petition because of the landlord's failure to serve such a bill or, in the alternative, directing that the landlord serve a bill of particulars " pursuant to Section 4 ".

The court at Special Term concluded that the lease prescribed a graduated rent and denied the tenants' motion; the Appellate Division, two justices dissenting, held otherwise, reversed Special Term's order, and dismissed the petition. Whether the rent is to be fixed under section 13 — applicable if the lease stipulated a rent in a graduated scale — or under section 4, and whether, in any event, the tenant is entitled to the particulars enumerated in section 4, are the questions presented for our determination.

The Business Rent Law was enacted in 1945 to regulate, control and stabilize rents of premises occupied for business purposes in cities having a population of over a million. In general, it provided a pattern for the fixing of emergency and reasonable rents. Thus, " emergency rent " — with certain exceptions not here pertinent — is defined in subdivision (c) of section 2 as " the rent reserved or payable under any lease, agreement or tenancy of business space in force " on June 1, 1944, " plus fifteen per centum of such rent ". Fixing a " reasonable " rent in excess of the emergency rent — in the ordinary case — is the subject of section 4. It is provided that such rent may be fixed by agreement, by arbitration, or by the Supreme

Court; if by the court, it is to be based on the fair rental value of the business space as of the date the application is made. The items and matters to be considered in determining the amount are enumerated, and the landlord is required, in such a case, to serve a bill of particulars reflecting upon those items — which include, among others, the consideration paid by the landlord for the entire property, the assessed valuation of the property, the cost of maintenance and operation, and the kind, quality and quantity of services furnished.

Section 13 deals with situations somewhat out of the ordinary — where the lease is either one wherein the specified rent is variable depending upon the volume of tenant's business or one wherein the rent stipulated is in a graduated scale. That section requires the tenant to pay the rent specified in the lease during its term and, upon expiration — in the case, at least, of the graduated rent lease — a sum based on the amount charged for the most nearly comparable space in the same building. Thus, insofar as pertinent, section 13 — at the time the proceeding was instituted — read as follows: " The provisions of any lease, in force since on and before June first, nineteen hundred forty-four, wherein the rental stipulated is in a graduated scale, shall determine the rents payable during the term of such lease; and upon the expiration of such lease, the emergency rent shall be a reasonable rent to be fixed by * * * the supreme court upon the basis of the rent charged for the most nearly comparable business space in the same building or other rental area, or other satisfactory evidence * * * on the date the application to the supreme court * * * is made."

The lease here involved did not, in its original form, call for a graduated rental. It did, however, grant to the tenant an option to extend the initial term of fourteen months for an additional term of two years at a rent $50 a month higher than for the preceding period. The tenant exercised the option and paid the larger sum for the extended term. Obviously, if the lease as originally executed had provided for a rent of $300 for fourteen months and of $350 for two years thereafter, it would have been one for a rent " in a graduated scale ". In effect and in legal contemplation, that is just what we have here. The tenant's exercise of an option to extend the term

accomplishes not a new lease but simply a prolongation of the original agreement for a further period; once the option is exercised, the original lease, it is settled, is deemed one for the entire term. (See *Jones & Brindisi* v. *Breslaw, Inc.*, 250 N. Y. 147; *Masset* v. *Ruh*, 235 N. Y. 462; *Orr* v. *Doubleday, Page & Co.*, 223 N. Y. 334; *New York Business Buildings Corp.* v. *McCutcheon & Co.*, 229 App. Div. 681, affd. 257 N. Y. 554.) In the *Jones* case (*supra*), for instance, the lease, initially for a term of two years and four months, accorded the tenants an option to extend the term for another two years. Defendants agreed — by statement to that effect in the lease itself — to guarantee rent payments. The tenants exercised the option and then, during the additional period, defaulted in their rent. In an action by the landlord against the guarantors, the latter contended that they were not liable because the guaranty did not cover the new term. The court held otherwise, declaring (p. 151): " The rent stipulated in the   *   *   *   lease was for four years and two months if the tenants exercised the privilege of extension. They exercised the option and became bound to pay the rent stipulated in the lease. There was no new lease; none was required; all the stipulations and agreements were contained in the one instrument which by the election of the tenant, continued for four years and two months." Similarly here — the option having been exercised — the tenants remained in possession under the lease subject merely to increased rent for the extended period; the lease became one for three years and two months at a graduated rental within the meaning of section 13.

Once determined that the rent is to be fixed pursuant to that section, it follows — contrary to the tenants' further contention — that the landlord is not under the necessity of furnishing the particulars required by section 4. By its very terms, the items are to be supplied only in proceedings " under this section [4] " — and analysis of the statute serves to confirm the validity of that conclusion. The particulars enumerated in section 4 bear upon the formula to be employed in reaching the fair and reasonable rent there prescribed and not upon the formula prescribed in section 13. The latter section makes important and consequential — in fixing the reasonable rent after termination of a graduated rental lease — " rent charged

for the most nearly comparable business space in the same building ". Obviously, the consideration paid by the landlord for the entire property, the assessed valuation of the property, the amount of gross income derived from the entire building, the cost of maintenance and operation, the services furnished to tenants, or the other matters particularized in section 4, cannot aid in arriving at rent based upon the most nearly comparable space in the building. To require section 4 particulars in a proceeding under section 13 would not assist court or tenant nor illumine one whit the problem for determination.

In other words, since the rent stipulated was in a graduated scale, the new rent, after expiration of the lease, is to be fixed pursuant to section 13, its determination governed by its provisions. Accordingly, the order of the Appellate Division should be reversed, and that of Special Term denying the motion to dismiss the petition affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Ordered accordingly.