In the Matter of 82–12 37TH AVENUE CORPORATION, Petitioner. JOHN MAFFEI et al., Respondents.

Supreme Court, Special Term, Queens County, December 2, 1947.

*Bernard P. Levy* for petitioner.

*Harold Lawrence Kapiloff* for John Maffei, respondent.

HILL, J. On this application to fix the emergency rent for business property, pursuant to section 2 of chapter 314 of the Laws of 1945, as amended, the petitioner moves for an order vacating the respondents' demand for a bill of particulars and for other relief.

This application presents the unusual situation where a landlord and tenant entered into a lease on July 27, 1944, the demised premises having been vacant and unoccupied as of June 1, 1944; the tenant continued to pay the rent reserved in the lease until January, 1947, at which time he declined to pay the rent reserved in the lease and thereupon, a summary proceeding was instituted to recover possession of the premises for nonpayment of rent. The trial resulted in a final order in the landlord's favor, from which an appeal was taken to the Appellate Term

(*82–12 37th Ave. Corp.* v. *Maffei*, 189 Misc. 319, MacCrate, Steinbrink and Rubenstein, JJ.), which reversed the final order and held: That the landlord had failed to establish compliance with chapter 314 of. the Laws of 1945, as amended (Business Rent Law) ; the rent was not fixed by agreement, arbitration or by the Supreme Court; the lease entered into between the landlord's predecessor and the tenant was not an agreement fixing rent as required by the statute. This decision is binding upon me.

Section 2 of the Business Rent Law. (as amd. by L. 1947, ch. 823) defines emergency rent as '' The rent reserved or payable under any lease    *    *    *    in force on June first, nineteen hundred forty-four, plus fifteen per centum of such rent; provided that if the business space was not used or occupied as business space on such date, the emergency rent shall be the reasonable rent therefor as business space on such date, plus fifteen per centum thereof, to be fixed by agreement, by arbitration, or by the supreme court, upon the basis of the rent charged on such date for the most nearly comparable business space in the same building or other rental area or other satisfactory evidence    *    *    *.''

The tenant demands a bill of particulars '' setting forth in specific detail the items required to be furnished by the landlord to the tenant, set forth and incorporated in Section 4, Chapter 823 of the Laws of 1947 '' (Business Rent Law, § 4).

It is to be observed that in this proceeding the landlord does not seek to have the court fix the rent for the premises in any amount in excess of the amount of '' emergency rent '' as provided by section 4.

Accordingly, the respondents' demand for a bill of particulars, as above stated is vacated (*Matter of Harvey Holding Corp.* [*Satter*], 297 N. Y. 113), without prejudice to a demand for a bill of particulars in respect of the matters in consonance with section 2 of the Business Rent Law (as amd. by L. 1947, ch. 823). Settle order on notice.