Mabio Piraorri, J.
The plaintiff tenant moves for summary judgment in an action for declaratory judgment to determine the rent during the renewal term of a lease.
On January 17, 1940 the parties executed a 21-year lease, expiring July 31, 1961, for certain premises located on Sunrise Highway, Rockville Centre. The annual rent was $2,500 for the first 8 years, $3,000 during the next 5 years, and back to $2,500 for the last 8 years. The lease gave the tenant an option to renew upon the same terms and conditions, but at an annual rent of $4,000. The lease also provided that if any of the property was condemned by any governmental authority, and the parties could not agree upon the rent for the remaining portion, the rent would be determined by arbitrators who were to be duly qualified real estate brokers.
In 1951, during the period when the annual rent was $3,000, the Village of Rockville Centre condemned and took part of the leased property for a parking field. Thereupon, duly chosen arbitrators determined that the annual rent payable by the tenant should be reduced by $420 per year for the unexpired term of the lease “ which terminates August 1,1961.”
The tenant has exercised its option to renew the lease, and now claims that for the remaining 21 years the rent should be $4,000 per year, minus the rental value of the portion condemned by the Village of Rockville Centre and severed from the leasehold in 1951. The landlord counters that the required rent is the full amount of $4,000 mentioned in the renewal clause because of the unqualified language in the renewal paragraph and because the arbitration award that subtracted $420 per year was only until the end of the original lease, that is, until July 31,1961.
The original 21-year lease, by the exercise of the renewal option contained in it, continues to be the same original lease with its term extended or prolonged to 42 years (Matter of Harvey Holding Corp. [Satter], 297 N. Y. 113,117,118). In the Harvey case the court stated as follows (pp. 117-118): “ The tenant’s exercise of an option to extend the term accomplishes not a new lease but simply a prolongation of the original agreement for a further period; once the option is exercised, the original lease, it is settled, is deemed one for the entire term. (See Jones & Brindisi v. Breslaw, Inc., 250 N. Y. 147; Masset v. Ruh, 235 N. Y. 462; Orr v. Doubleday, Page & Co., 223 N. Y. 334; New York Business Buildings Corp. v. McCutcheon & Co., 229 App. Div. 681, affd. 257 N. Y. 554.) ”
*194 Nothing else being shown, it follows that the decrease of the annual rent because of the reduced size of the property through condemnation should continue into the extended part of the 42-year term. This result also follows by reason of the language in paragraph 23 of the lease which states in part that if any portion of the property should be taken by condemnation ‘ ‘ then that part of the annual rental reserved * * * shall be fairly apportioned by the parties upon the basis of the then reserved rental and shall constitute the reserved rental for the remaining portion of the demised term. ’ ’ As previously stated, the demised term includes the renewed term.
The defendant landlord argues, however, that the arbitrators decided that the $420 per year rental reduction should continue only 61 for the unexpired term of the lease which terminates August 1,1961, ’ ’ and that the renewal clause unequivocally says $4,000 per year. Unfortunately for the landlord’s position, the $4,000 figure was put into the lease at its inception and 10 years before the property was diminished in size by the condemnation. Furthermore, the arbitrators did not say that their decision lasted only until August 1, 1961. They said, in effect, at least until then. At the time of their determination they had before them only a lease that did end August 1,1961, and they were not called upon to project their reduction decision into an option period that would not and could not be the subject of consideration by the parties until 10 years thereafter. Then too, the arbitrators, chosen as qualified real estate brokers and not as lawyers, were not called upon to interpret the language of the lease, but merely to apportion the rental value of the severed land. More specifically, they decided merely that the rental value of the condemned or severed portion was $420 per year, regardless of the total annual rent for the full portion, whether $3,000, as it was at the time of the arbitration, or $2,500, the amount payable during the last 8 years of the original term. It was their way of saying that $420 was the rental value of the condemned or severed portion, regardless of any periodic increase or decrease mentioned in the lease.
The argument that the arbitrators intended to reduce the annual rent by 14%, because $420 is 14% of $3,000', the annual rent payable at the time of the arbitration, is nullified by the decision itself that says that $420 was to be the reduction sum even during the period when the rent was $2,500 per year, and by the language of paragraph 23 of the lease.
The argument that new arbitrators should now be appointed is countered by the difficulty of evaluating rental value at this time of property severed from the whole in 1951, and now used *195 not for rental purposes but by the Village of Rockville Centre for public parking.
Now that the original lease, by the exercise of the option to renew, has been extended or prolonged until 1982, it remains the same lease, has the same terms and calls for the same reduction, that is, $420 per year. In short, the annual rental for the rest of the term should be $4,000 per year, minus $420. Motion by plaintiff for summary judgment is granted.