■ VALLEY FORGE VILLAGE, Appellant, v HAROLD BROMBERGER et al., Respondents.—In an action to recover rent due, the plaintiff appeals (by permission) from an order of the Appellate Term for the Ninth and Tenth Judicial Districts, dated May 23, 1977, which modified a judgment of the District Court, Suffolk County, Fifth District, Bay Shore, dated May 3, 1976, which was made on the granting of plaintiff's motion for summary judgment, by awarding plaintiff $9 (representing a $5 rent increase, plus a $4

late charge), instead of $14 (representing a $10 rent increase, plus a $4 late charge), as against each defendant. Order of the Appellate Term and judgment of the District Court reversed, on the law, without costs or disbursements, and judgment granted in favor of the defendants dismissing the complaint. The holding by the Appellate Term that the approval of a $5 rent increase (plus a $4 late charge) by the Mobile Home Rent Review Board was binding on the parties was, in effect, a holding that Local Law No. 5 of Suffolk County (1975) was a form of rent control law. Such a holding was inappropriate since Suffolk County has no authority to pass a rent control law. Rather than an action for the nonpayment of rent, the proper remedy for the landlord in the instant matter would be to commence an action to evict the tenants on the ground of holding over (cf. *Jaroslow v Lehigh Val. R. R. Co.,* 23 NY2d 991; *Matter of Reimer v Kaslov,* 61 Misc 2d 960; *Matter of Industrial Funding Corp. v Megna,* 87 Misc 2d 443). Of course, the landlord's action to remove the tenants can include a request for damages. We have the authority to dismiss the complaint herein notwithstanding the defendants' failure to appeal to this court, since a motion for summary judgment is involved (cf. *Peoples Sav. Bank of Yonkers v County Dollar Corp.,* 43 AD2d 327, affd 35 NY2d 836). Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.