James A. Fitzgerald, Esq. Town Attorney, Stony Point
You ask whether the Town of Stony Point in Rockland County may establish a rent control board authorized to regulate rents in mobile-home parks.
A local government may not impose rent control except in accordance with an express authorization by the State Legislature (McKinney's Unconsolidated Laws, § 8594 [4]; see also Valley Forge Village vBromberger, 59 A.D.2d 758 [2d Dept. 1977]). The Emergency Tenant Protection Act of 1974 (Act) is applicable to cities, towns and villages in Nassau, Rockland and Westchester Counties (Unconsolidated Laws, § 8634). The procedures in the Act for the imposition of rent controls are activated by the declaration of a public emergency by the local legislative body of a city, town or village (id., § 8623 [a]). The determination of an emergency is based upon the supply of housing, the condition of housing and the need for regulating and controlling rents (ibid.). A declaration of emergency may be made for any class of housing that has a vacancy rate not in excess of 5% and an emergency may be declared for all housing accommodations if the vacancy rate for all housing within the municipality is not in excess of 5% (ibid.).
A declaration of emergency may be made for all or any class of housing accommodations except any trailer or trailer space used exclusively for transient occupancy (id., § 8625 [a] [8]). The clear implication is that rent controls may be established for non-transient mobile-home parks.
We conclude that a town in Rockland County may establish rent controls for mobile-home parks in accordance with the provisions of the Emergency Tenant Protection Act of 1974.