OPINION OF THE COURT
Memorandum.
Order unanimously modified to the extent of granting summary judgment to respondent Beauty and dismissing the petition. As so modified, order affirmed, without costs.
The issue presented on this appeal appears to be one of first impression. Does a lessee, under the terms of its lease, violate the prohibition against assignment or has it entered into an approved sublease when it leases a portion of the demised premises for a term extending into the option renewal period?
On November 15,1980, a lease was entered into between Loral Realty Company (hereinafter Loral), as landlord, and Beauty Development Corp. (hereinafter Beauty), as *542 tenant, for the leasing of a store and basement. The lease period was for five years, expiring November 14, 1985, with an option for Beauty to renew for an additional three years. The option clause does not contain any time provision during which Beauty may exercise this option, or the manner in which such option may be exercised. It merely provides that Beauty may not be in default at the time of the exercise of said option.
The lease also provides that Beauty shall not assign the lease without Loral’s consent in writing; however, it does give Beauty the right to sublet the premises for the same use.
On June 1, 1980, Beauty executed an instrument, the form of which is a standard lease whereby it intended to sublet the store, without the basement, to Norma E. Mera and Miguel Mera for a period of five years, expiring May 31, 1986. This instrument, therefore, extended beyond Beauty’s original lease period but for less than its full renewal period.
Thereafter, Loral gave notice pursuant to the original lease terminating said lease, claiming, inter alia, that the instrument executed between Beauty and the Meras was an assignment without the landlord’s consent in writing, in violation of the lease.
A holdover proceeding was thereafter instituted by Loral. Loral made a motion for summary judgment asking for a judgment of possession on the ground that Beauty had executed an assignment which was prohibited under their lease. The lower court denied the landlord’s motion stating that there were triable issues of fact. The appeal ensued.
The issue before the court on this appeal is whether the lease by respondent Beauty to respondents Mera was an assignment or sublease. If it was an assignment, the landlord’s consent was not obtained and the landlord had the right to terminate the lease. If it was a sublease, then the landlord’s consent was not required and the sublease was therefore proper.
It is fundamental that the distinction between an assignment and a sublease lies in the extent to which the original lessee has parted with his interest. If he has parted with *543 his entire interest, he has made an assignment. If he has retained a reversionary interest, he has made a sublease. Further, even if a tenant leases his premises to another at a different rental price, or upon terms different from those contained in his original lease, it still remains an assignment if the tenant has transferred his entire interest or estate in the leasehold for the entire remainder of his term. Neither the new terms, nor the different rental, constitutes a reversionary interest (see 1 Rasch, New York Landlord and Tenant [2d ed], §§ 178-185).
As to lease renewal options, the case law provides that once an option is exercised, the term of the original lease is deemed to be enlarged to encompass the option period. That is, it is as if the original lease had contained a term for the renewal period as well as the original term, and the parties hold, not under the renewal contract, but by virtue of the original lease (Gulf Oil Corp. v Buram Realty Co., 11 NY2d 223; Atkin’s Waste Materials v May, 34 NY2d 422; Sun Rock Bldg. Corp. v Abrams, 38 Misc 2d 192).
Turning to the facts of our case, we find that Beauty had properly exercised its renewal option when it granted the Meras their lease. It thereby constituted an overt manifestation of its continuing dominion over the leasehold estate. As such, Beauty’s original lease running from November 15.1980 until November 14,1985 is considered to run from November 15, 1980 until November 14, 1988, the entire period consisting of both the original lease and the renewal period. Therefore, when Beauty in turn leased part of the premises (excluding the basement) to the Meras from June 1.1980 until May 31,1986, it retained for itself an interest lasting two and one-half years. As such, the agreement between Beauty and the Meras may be considered a sublease, properly permitted under the primary lease.
Finally, although Beauty did not move for summary judgment nor appeal from the denial of such plaintiff, we find that Beauty is entitled to such relief. As is well known, a motion for summary judgment searches the record, and a court may grant it to either party (City of Rye v Public Serv. Mut. Ins. Co., 34 NY2d 470, 474; Peoples Sav. Bank of Yonkers, N. Y. v County Dollar Corp., 43 AD2d 327, 334, affd 35 NY2d 836; Valley Forge Vil. v Bromberger, 59 *544 AD2d 758, 759). We therefore conclude that the agreement between Beauty and the Meras was a sublease, and permissible under the primary lease.
Buschmann, J. P., Jones and Kunzeman, JJ., concur.