Bice v. Robb

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                        **Chief Judge,**
            AMALYA L. KEARSE,
            SUSAN L. CARNEY,
                        **Circuit Judges.**

- - - - - - - - - - - - - - - - - - - - -X
**ELIZABETH ROBB BICE, CLARE ROBB WENK,
EDWARD ROBB, BARBARA ROBB,**
        **Plaintiffs-Appellant**s,

        **-v.-**                                              12-1420

**GEORGE E. ROBB, JR.,**
        **Defendant-Appellee.**
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**            JOHN M. BRICKMAN (Todd H.
                              Hesekiel and Benjamin S. Kaplan,
                              <u>on the brief</u>), Ackerman, Levine,
                              Cullen, Brickman & Limmer, LLP,
                              Great Neck, New York.

1

**FOR APPELLEE:**            JAMES A. GOOLD (Laura M. Flahive Wu, Covington & Burling LLP, New York, New York, <u>on the brief</u>; Rosemarie Paine, Jacobs & Dow LLC, New Haven, Connecticut, <u>on the brief</u>), Covington & Burling LLP, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Elizabeth Robb Bice, Clare Robb Wenk, Edward Robb, and Barbara Robb (the "siblings") appeal from the judgment of the United States District Court for the Southern District of New York (Crotty, <u>J.</u>), granting summary judgment in favor of their older brother, George E. Robb, Jr. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** The district court properly granted summary judgment in favor of George Jr. on the siblings' three claims. As to their claim for breach of contract, the siblings failed to establish that any enforceable agreement actually existed, as required under New York law. <u>See</u> <u>Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.</u>, 375 F.3d 168, 177 (2d Cir. 2004). Even accepting that George Jr. promised his father that he would "take care of the family," such a promise is far too indefinite and vague to be enforced. <u>See</u> <u>Dombrowski v. Somers</u>, 41 N.Y.2d 858, 859 (1977).

As to the siblings' claims premised on constructive trust and unjust enrichment, such equitable remedies are soundly within the district court's discretion. <u>In re Flanagan</u>, 503 F.3d 171, 179-80 (2d Cir. 2007). Because there was no enforceable promise and because George Jr.'s buyout of RPM Securities, Inc. (a New York Stock Exchange specialist firm) was an arm's-length transaction with the senior management of RPM (including his father), the district court did not abuse its discretion in refusing to impose a constructive trust or order restitution for the alleged unjust enrichment.

2

**2.**   The district court did not abuse its discretion in ordering the siblings to produce certain documents they claimed were privileged: emails between the siblings considering their potential claims against George Jr.  Such documents are not attorney-client communications, because counsel for the siblings was not actually a party to the discussions.  See United States v. Mejia, 655 F.3d 126, 131-32 (2d Cir. 2011).  Likewise, the documents are not protected by the attorney work-product doctrine, because (though they may have been created because of the prospect of litigation) they are not the work product of an individual acting as the siblings' attorney.  See United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998); see also Hickman v. Taylor, 329 U.S. 495, 510 (1947); In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002, 318 F.3d 379, 383 (2d Cir. 2003).

**3.**   Finally, the district court did not manifestly err in refusing to consider the Langone declaration.  A district court "has wide discretion in punishing failure to conform to the rules of discovery." Outley v. City of New York, 837 F.2d 587, 590 (2d Cir. 1988).  Here, the siblings sought leave to submit the Langone declaration well after the close of discovery and after the main briefs supporting and opposing summary judgment had been filed.  In any event, the district court reasonably concluded that its content was too remote and too speculative.

For the foregoing reasons, and finding no merit in the siblings' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3