CLARK v. FIVE HUNDRED AND FIVE THOUSAND FEET OF LUMBER et al. ·

(Circuit Court of Appeals, Seventh Circuit. May 21, 1895.)

No. 136.

FEDERAL COURTS—ADMIRALTY JURISDICTION—LIEN FOR FREIGHT—GARNISHMENT IN STATE COURT.

A libel in rem against cargo to recover freight was filed before discharge and delivery, and consequently before the freight was due. Subsequently, in an action against libelant in a state court, garnishment process was issued and served upon the consignee. Thereafter he obtained possession of the cargo by giving bond for its value in the admiralty court, and then paid the freight into the state court. Held, that the seizure of the cargo under the libel gave the federal court prior and paramount jurisdiction, that the freight became payable therein on the delivery of the cargo, and that the subsequent payment into the state court was no defense. Baker, District Judge, dissenting. 12 C. C. A. 628, 65 Fed. 236, reaffirmed.

Appeal from the District Court of the United States for the Northern District of Illinois.

This was a libel by Frank Clark, owner of the steam barge Maggie Duncan, against 505,000 feet of lumber, constituting her

cargo, and H. Paepcke & Co., consignees, to enforce a lien for freight. The district court dismissed the libel, and libelant appealed. On December 14, 1894, this court reversed the decree, and remanded the cause, with directions to enter a decree in favor of libelant. 12 C. C. A. 628, 65 Fed. 236. The appellee has filed a petition for rehearing.

Charles E. Kremer, for appellant.

W. H. Condon, for appellee.

Before WOODS, Circuit Judge, and BAKER and SEAMAN, District Judges.

SEAMAN, District Judge. The appellee is urgent for a rehearing, but neither the petition nor the brief by which it is supported presents any ground which was overlooked in the decision of this appeal. The opinion proceeds upon an assumption that H. Paepcke & Co., the consignee, acted in good faith. The refusal of its president to pay the freight, in part or in whole, was not treated as a waiver of delivery of the entire cargo, notwithstanding it was made without qualification, and was dictated by some interest apparently adverse to the libelant, and was supplemented by his frank admission at the trial that he "would not have paid freight to Clark after receiving telephone not to pay," if delivery had been completed. The fact that this refusal was speedily followed by the garnishment proceedings, which were instituted by the same attorneys who appear as proctors for the consignee here, was not referred to, and complicity in the adverse proceedings was not imputed to the consignee. Whether these assumptions could fairly be indulged in its favor, if the case depended upon a balancing of equities between the parties, is at least questionable, but they are not material to a decision. The opinion further presumes that the state court may have had "jurisdiction over the libelant, as defendant before it, to adjudge a liability to its suitors, and had jurisdiction over the garnishee"; therefore the statute of Illinois, cited in the petition as authorizing garnishment of indebtedness before due, did not enter into consideration, and affords no aid to the appellee's contention here.

The libelant's lien for the freight, and his right to have the lien protected and enforced in the admiralty, are undoubted. Under the authorities, he was clearly entitled to enter that jurisdiction for protection of his lien without waiting for the freight to accrue by complete delivery, subject to an imposition of terms if his action was premature, and caused unnecessary expense. His libel was filed and monition served September 15th, and complete jurisdiction of the res was then established in the district court. Until the service of the monition he was in possession of the cargo, and the consignee could not obtain it without paying the freight. Garnishment could not then be made effective against the vessel owner's lien secured by possession. The seizure under the libel gave this possession to the district court for enforcement of the lien. The consignee then appeared in that court as claimant, gave its bond, which became a substitute for the cargo under the practice in ad-

miralty, and thus reached the possession which was only attainable through that jurisdiction. Thereby the freight became payable, giving to the subsequent garnishment the only operative force it could have. Instead of paying the freight money thus maturing into the district court, as its liability to the carrier clearly required, the claimant made payment on the subordinate foreign garnishment, against which he had a perfect defense in the fact of primary liability to the district court. Upon this alleged compulsory payment the consignee rests its claim to equitable consideration, and demands release from the district court. Neither equity nor proper regard for the authority of the admiralty court can sanction conduct which amounts to playing fast and loose with its jurisdiction, invoking its aid to obtain possession of the cargo, and immediately rejecting all allegiance by turning the freight money which was the subject of controversy into a foreign, and, for the purposes of the case, subordinate jurisdiction. The jurisdiction of the district court was completely established, was paramount, and the libelant had absolute right to its exercise. The dismissal was error, and a rehearing is denied.

BAKER, District Judge (dissenting). I will briefly state some of the reasons why I think a rehearing should be granted in this case. The right to the lien for the freight arose when the lumber was laden on shipboard, but that right could not mature into a present cause of action until the contract of affreightment was completed by the delivery and acceptance of the lumber at the port of destination, or until there had been a proper tender of delivery, and a refusal of acceptance, or until the delivery and acceptance, or the tender thereof, had been waived. Neither of these things had occurred at the time of the institution of this suit. The suit was instituted before the freight had been earned; and if, pending the suit, and before trial, there had been no delivery and acceptance, no tender and refusal, and no waiver, it would clearly have been the duty of the court to dismiss the libel. If no right of action had accrued when the trial was had, certainly no decree for the libelant ought to have been entered. When the action in attachment and garnishment was brought in the state court the libelant's cause of action had not yet matured. The state court, however, had jurisdiction of the subject-matter, and acquired jurisdiction by proper process of the parties, including both the libelant and the claimant. The fact that the freight money was not due at the time suit was brought in the state court did not make the bringing of that suit premature. If the debt became due at or before the time of the garnishee's disclosure, it authorized the court to proceed to judgment against him. Young v. Bank, 51 Ill. 76; Insurance Co. v. Connor, 20 Ill. App. 308. The state court, having both the libelant and the libelee before it, rendered a judgment requiring the libelee to pay the freight money then due to the libelant into court to satisfy the debts owing by him. The libelee, under the coercion of that judgment, paid the money into court, and the same was applied in payment of the debts of the libelant. All this had occurred before the case was tried in the district court. There was nothing before

the court below to show that these proceedings in the state court were collusive or invalid. The court below, upon the disclosure of these facts, dismissed the libel, and, I think, correctly. It is true that, if a libel in admiralty is filed prematurely, the court may retain jurisdiction, provided the right of action had matured pending the suit; and, ordinarily, the only condition of such retention of jurisdiction is the payment of costs by the libelant. This rule of practice is founded on the principle that courts of admiralty do not favor formal or technical objections to the sacrifice of substantial justice. They administer justice on the principles of equity and fair dealing, but, if any circumstance has arisen which would render it inequitable to retain jurisdiction, they will refuse to do so. In the present case the libelant invokes the aid of equity as the foundation of his right to maintain his libel, and, asking the aid of equity, he must do equity. He had no legal right to sue when he filed his libel. His debt for freight was not due. In a court of law, if an action is brought before a right of action has accrued, the fact that a cause of action arises pending the suit will not authorize the court to retain jurisdiction, and give the plaintiff a judgment. The right to do this in admiralty is purely equitable, and is not due ex debito justitiæ. In this case circumstances had arisen before the trial which made the exercise of this equitable right unfair and oppressive. A court of competent jurisdiction had wrested this debt from the libelee, and applied it in payment of the just debts of the libelant. The libelant has in effect been paid the amount due to him for freight by the application of it by lawful authority to the payment of his just debts. The payment of this money upon his debts pursuant to the judgment of the state court is, in my judgment, equivalent to a payment by his direction. But, if this be not true, in my opinion the payment discharged the amount due for freight within the principles established in Eddy v. O'Hara, 132 Mass. 56; White v. Dunn, 134 Mass. 271; Embree v. Hanna, 5 Johns, 101; and Ross v. Bourne, 14 Fed. 858. For these reasons I think the judgment of dismissal is based on sound equitable principles, and, therefore, that a rehearing should be granted.