Burke, J.
The question to be answered is whether a purchase option clause in a lease which could be exercised ‘ ‘ at any time during the term of this lease ” became part of 22 successive extension agreements which were entered into after the expiration of the original term of the lease as amended.
The courts below have properly held that it did not.
The last extension agreement, just as each of the 20 previous extension agreements, referred specifically “ to that certain lease agreement covering the above premises ” and purported to further extend ‘ ‘ the term of this lease ’ ’. Each specified that acceptance would extend the lease ‘ ‘ under the terms set forth herein ”. In all but 3 of these 20 extension agreements the term was extended for 6 months, and in the other 3 for 12 months.
Both parties have moved for summary judgment. Appellant’s motion is based upon the lease and the subsequent extension agreements, while respondent, in support of its cross motion, offered proof by affidavit.
In determining whether the purchase option was in effect when it was sought to be exercised 19 years after the making of the original lease, it is necessary to construe the agreements. That interpretation will be the decisive factor in the disposition of the question presented to us.
*226 The rules applicable to the construction of such agreements are well known. Where parties to a lease containing an option to purchase have agreed at the time they entered into a lease upon an option of renewal whereby the term could be extended by the tenant alone for an agreed additional period, the tenant may ‘ ‘ demand a conveyance at any time during that term ’ ’ (Masset v. Ruh, 235 N. Y. 462, 464; Jones & Brindisi v. Breslaw, 250 N. Y. 147,151). That is because “ once the option [of .renewal] is exercised, the original lease, it is settled, is deemed one for the entire term” (Matter of Harvey Holding Corp. [Satter], 297 N. Y. 113, 118) “ and the parties hold, not under any new contract by virtue of the renewal, but by virtue of the original lease ” (New York Business Bldgs. Corp. v. McCutcheon & Co., 229 App. Div. 681, 684, affd. 257 N. Y. 554). When, however, the option to purchase was exercised during a term extended by a series of new extension agreements separate from the original amended lease and options to renew contained therein, ‘ ‘ the option is extended if the agreement refers to and continues the original lease, but the option is not extended if the agreement merely continues the tenancy, even though upon the terms fixed by the original lease ” (163 A. L. R. 711, 712).
Since here the option to purchase “ during the term of this lease ” was not exercised during the term of the original lease as amended or during the term as extended by the exercise of an option to renew contained in the lease, the period for which the original lease has been extended is not considered as if it was a part of an entire term.
Applying this test to these agreements, we are of the opinion that the respondent was entitled to summary judgment as the language which appellant relies on in the extension agreements is, at best, of double meaning. The rule is well stated in an English case Sherwood v. Tucker ([1924] 2 Ch. 440, 445) where the question was the same as here. The court wrote: “It is quite clear that a landlord may be prepared to give to his tenant an option to purchase at a fixed price for a limited period of time. The circumstance of value may enable both parties to fix upon a sum which will stand good for a definite time. It is quite another thing to say that the same considerations apply where there is an extension and a renewed extension of the term. * * * the landlord may be content for a fixed time to be *227 bound to a fixed price, it is another matter altogether to say that the option is to continue for an extended period unless clear words are used for that purpose.”
Here, although each of the agreements refers specifically to the lease by date and location of the premises, there is nothing definitely stated in the agreements that manifests a clear intention to incorporate the purchase option as one of the terms of the extension.
There are compelling circumstances which favor the position taken by respondent and which tend to negate any asserted intent to continue the purchase option clause in force during the agreed extension of the term. While the lease limited the exercise of the purchase option to the term of the lease, there are six other provisions in the lease which are stated in effect not only during the term of the lease, but also any “ extension thereof ”. A fact of considerable importance is that these business people knew what the option to purchase ‘ ‘ at any time during the term of this lease ” meant. It obviously did not mean to include the period covered by 20-odd extensions of the term of the lease by independent agreements which commenced to take effect after the expiration of the original lease. When the parties negotiated the agreements for the extension of the term of each of the 22 occasions, neither party was bound by the provisions of the lease. Under such conditions it would not be reasonable to assume that a provision of a lease which is not an essential element of the landlord and tenant relationship is to be read into the extension agreements.
Since, therefore, the agreements in the case at bar contain no unmistakable language from which it may be found that the parties intended the purchase option to continue during the periods of the extensions, the dismissal of the complaint was proper.
Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Fuld, Fboessel, Van Voorhis and Foster concur.
Judgment affirmed.