Richard F. Kuhnen, J.
This is a motion by defendant to dismiss for failure to state a cause of action. The complaint alleges that plaintiff has for many years leased certain land from defendant for agricultural purposes and that on February 7, 1968 plaintiff and defendant executed a lease agreement for such premises which included a provision whereby plaintiff was given a first option to buy should defendant desire to sell the property. This agreement by its terms expired on December 31, 1972 but the complaint alleges that plaintiff continued in possession and defendant accepted the annual rent for 1973 *918 and 1974 under the terms of said lease. Defendant’s answer admits the existence of the lease agreement but denies that rent was accepted for any period after December 31, 1972.
The complaint further alleges and defendant’s answer admits that in December, 1973 plaintiff received an inquiry from a potential purchaser concerning his lease. Plaintiff promptly attempted to contact defendant’s attorney in order to exercise his right of first option to buy. Plaintiff was advised that an option had previously been given to another party in November, 1973 but that plaintiff’s offer would be considered since the option to the third party had not been exercised as of that date. Plaintiff forwarded a written offer to purchase on January 11, 1974 at a price of $12,000 and included a check for $500 as a down payment. In June, 1974 plaintiff’s offer was rejected and his check returned by defendant’s attorney who explained that the third party had chosen to exercise the option given by defendant in November, 1973.
Defendant’s answer alleges as an affirmative defense that a purchase option was given to one Jean G. Fisher on November 30, 1973; that that option was exercised on May 22, 1974; and that a deed was delivered to said Jean G. Fisher in June, 1974.
Defendant contends that as a matter of law plaintiff’s first option to buy expired on January 31, 1972 when the written lease expired even if plaintiff continued in possession as a holdover tenant. She relies upon section 232-c of the Real Property Law, Matter of Lazarus v Flournoy (28 AD2d 685), and Gulf Oil Corp. v Buram Realty Co. (11 NY2d 223).
The authorities cited by defendant are not applicable to the instant situation. Both Lazarus v Flournoy and Gulf Oil Corp. v Buram Realty Co. involved leases in which the tenant was given an affirmative option to purchase during the term of the lease. Under this type of option it has been held that time is of importance and exercise of the option must be made prior to the expiration of the term of the lease. (Schaefer v Thompson, 237 NY 55.) The rationale for such a rule is clearly stated in Gulf Oil Corp. v Buram Realty Co. (supra), where it was claimed that a series of renewal agreements included the purchase option. Quoting from the English case of Sherwood v Tucker ([1924] 2 Ch 440, 445), the court said: " 'It is quite clear that a landlord may be prepared to give to his tenant an option to purchase at a fixed price for a limited period of time. The circumstance of value may enable both parties to fix upon *919 a sum which will stand good for a definite time. It is quite another thing to say that the same considerations apply where there is an extension and a renewed extension of the term. * * * the landlord may be content for a fixed time to be bound to a fixed price, it is another matter altogether to say that the option is to continue for an extended period unless clear words are used for that purpose.’ ” (11 NY2d 223, at pp 226-227.)
Such a rationale has no application to a "first option to buy” which is merely the right to purchase at the terms of the first bona fide offer which is acceptable to the owner. It is not an absolute right to purchase at a given price but only a right to purchase if and when the landlord decides to sell and only at a price which is acceptable to him. The landlord is not tied to a fixed price which may have become inadequate by lapse of time and the tenant is in no position to "exercise” the option unless and until the landlord decides to sell.
The long-standing general rule which has very recently been reaffirmed by the Court of Appeals is that a holdover tenancy impliedly continues "on the same terms and subject to the same covenants as those contained in the original instrument.” (City of New York v Pennsylvania R. R. Co., 37 NY2d 298, 300; Kennedy v City of New York, 196 NY 19.) While this common-law rule has been modified by section 232-c of the Real Property Law, which relates principally to the term or duration of the holdover tenancy, it continues to remain valid with respect to provisions other than duration. (See 1 Rasch, New York Landlord and Tenant [2d ed], § 274, p 360.)
The logic behind the rule is that since the parties have continued in the relationship of landlord and tenant it is implied that they intended no change in the conditions of that relationship. Of course, the parties are free to prove "a changed condition of affairs which would naturally or of necessity operate to modify the relations existing between the parties.” But "[i]n the absence of any proof upon the subject there can be no reason for holding that the relations of the parties have changed, as nothing has occurred to break the continuity of the holding, or from which it can be implied that any conditions exist rendering inoperative any of the terms of the lease.” (Baylies v Ingram, 84 App Div 360, 362-363, affd 181 NY 518.)
Plaintiff has alleged a long-standing relationship between the parties as lessor and lessee (plaintiffs brief discusses a *920 period of 40 years) with an understanding or agreement between them that the plaintiff lessee would be accorded a first option to purchase the demised premises. It is admitted that a written lease containing such an option was in effect from January, 1968 to December, 1972. Plaintiff alleges that he was a holdover tenant for 1973 subject to the same terms and conditions as the written lease.
The complaint states a cause of action. Furthermore, unless defendant can demonstrate evidence to the contrary, the law implies that the first option to buy continued as a condition of the tenancy. Absent such proof, if plaintiff can establish that he was a holdover tenant for 1973 he would have been entitled to the first option to purchase the property on November 30, 1973 on the same terms as were offered to the third party.
Finally, the notice of pendency in this action is constructive notice to any transferee whose deed was recorded subsequent to the filing of the notice. Such a transferee is bound by any determination herein. (CPLR 6501.)
The motion is denied.