**UNITED STATES of América, Plaintiff,**

**v.**

**FOUR MILLION TWO HUNDRED FIFTY FIVE THOUSAND SIX HUNDRED AND TWENTY FIVE DOLLARS AND THIRTY NINE CENTS ($4,255,625.39), Defendant.**

**No. 81–1867–Civ–JLK.**

United States District Court, S. D. Florida.

Dec. 22, 1981.

Joseph Florio, Asst. U. S. Atty., Miami, Fla., for plaintiff.

Raymond Takiff, Coconut Grove, Fla., for defendant.

## ORDER DENYING AMENDED MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, District Judge.

This cause came before the Court upon claimants' amended motion for summary judgment or, in the alternative, an advanced hearing date. Attorney Raymond J. Takiff made the motion on behalf of certain named claimants and "all other claimants similarly situated." "Amended Motion for Summary Judgment Or In the Alternative a Motion to Advance Hearing Date", page 1.

This case is a forfeiture action against $4,255,625.39 located in an account at the Capitol Bank of North Bay Village, Florida. The account is under the name of the Sonal Company. Plaintiff essentially claims that the currency was imported into the United States without being properly reported as required by law.

The memorandum and motion submitted by Mr. Takiff contend that no reasonable basis exists for believing that the currency was imported and that the record instead supports a contrary conclusion. The submissions further contend that federal regulations allow a 30 day grace period for reporting the importation of currency, that plaintiff acted prior to the expiration of that period, and that specific knowledge of the reporting requirements is an unfulfilled element of the instant cause of action.

Plaintiff opposes the motion for summary judgment on several grounds. Plaintiff claims that despite Mr. Takiff's contentions, a sound basis exists for believing that the currency was imported, that the 30 day grace period applies only to recipients of imported currency and thus does not apply to the present case, that no specific knowledge of the federal regulations on reporting the importation of currency is required to make out a cause of action in a civil case, and that claimants do not have standing to litigate this action.

The Court has carefully sifted through the various memoranda submitted by counsel and the rest of the record formed in this

case. The Court, after full consideration and being advised in the premises, does:

ORDER and ADJUDGE that the amended motion for summary judgment or an advanced hearing date submitted by Mr. Takiff be, and the same is hereby, denied.

■ The threshold issue raised by the motion is whether the claimants have standing to litigate this forfeiture action and bring a motion for summary judgment. Plaintiff asserts that claimants must show a personal stake in the action to have the right to seek judicial relief. Rule C(6) of the Supplemental Rules, Fed.R.Civ.P., governs the procedures involving claims made on property subject to actions in rem. This provision, in part, requires a claimant to file a verified oath as to the claimant's "interest in the property by virtue of which the claimant demands its restitution and the right to defend the action." Rule C(6), Supplemental Rules, Fed.R.Civ.P. Claimants appear to have complied with this provision. The Court finds that compliance with the pertinent federal procedures suffices at this stage of the litigation to allow claimants to go forward with their amended motion for summary judgment.

■ Claimants contend that plaintiff violated a 30 day grace period for reporting the importation of currency into the United States in amounts over $5,000.00. A 30 day filing period, however, applies only to recipients of imported currency. 31 C.F.R. § 103.23(b). Every person who causes more than an aggregate of $5,000.00 to be imported into the United States at any one time must file a report at the time of entry into the United States. 31 C.F.R. § 103.-25(b). Plaintiff's claim is apparently directed at filing omissions made by those individuals allegedly importing the currency, not at the failure to file or other wrongdoing by the bank which received the currency. The provision which provides for a 30 day grace period thus is inapplicable to the instant case.

■ The basic question presented by this motion for summary judgment is whether a genuine issue of fact exists in the above-styled case. The Fifth Circuit has described the burden of proof that must be met for a motion for summary judgment to be granted:

> The moving party has the burden of positively and clearly demonstrating that there is no genuine issue of fact and any doubt as to the existence of such an issue is resolved against him. *Heyward v. Public Housing Administration, et al.,* 5 Cir., 238 F.2d 689. A long line of cases have held that summary judgment should not be granted if there is the "slightest doubt" as to the facts .... The burden is heavy on the moving party to establish clearly his right to summary judgment.

*National Screen Service Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir. 1962).

The Court finds that doubt exists as to the critical facts of this case. For example, it is unclear as to whether the Capitol Bank properly filed the "4790" forms, or whether material omissions in filing were made.

■ The Court further finds that specific knowledge of the reporting requirements is not an element of this forfeiture action as alleged by claimants. The reported cases relied on by claimants, such as *U. S. v. Granda,* 565 F.2d 922 (5th Cir. 1978), are criminal cases involving criminal charges against an individual.

In a civil context, proof of actual or constructive notice is not an element of a forfeiture action. The statutory section on reporting requirements, 31 U.S.C. § 1101, states in pertinent part:

(a) Except as provided in subsection (c) of this section, whoever, whether as principal, agent, or bailee, or by an agent or bailee, knowingly—

(1) transports or causes to be transported monetary instruments—

(A) from any place within the United States to or through any place outside the United States, or

(B) to any place within the United States from or through any place outside the United States, or

(2) receives monetary instruments at the termination of their transportation to the United States from or through any place outside the United States in an amount exceeding $5,000 on any one occasion shall file a report or reports in accordance with subsection (b) of this section . . . .

The Court finds that the term "knowingly" as used in this section applies to the transportation of money and not to specific knowledge about the reporting requirements. An individual importing, or causing to be imported, currency into the country in excess of $5,000.00 would therefore be responsible for reporting the importation if the individual knew or had reason to know that [s]he was importing such currency. Moreover, even if specific knowledge is deemed to be an element of the offense, a showing of present U.S. Customs practices involving notice to travelers would likely carry the burden required to meet this element.