OPINION OF THE COURT
Aaron F. Goldstein, J.
This is a motion by defendant (1) pursuant to CPLR 3212 for summary judgment dismissing the plaintiff’s complaint, (2) pursuant to CPLR 3211 (subd [b]) to dismiss plaintiff’s first affirmative defense to defendant’s counterclaim, (3) pursuant to CPLR 6514 to vacate, cancel, and set aside a notice of pendency filed by plaintiff on real property owned by defendant, (4) to dismiss that portion of plaintiff’s ad damnum clause that seeks counsel fees, and (5) for a protective order to vacate interrogatories numbered 2, 3, 4, and 5 in plaintiff’s demand. Plaintiff cross-moves pursuant to CPLR 3212 for summary judgment in its favor.
As the owner and the landlord of premises located in Queens County, commonly known as 76-36 164th Street, Flushing, New York, defendant corporation entered into a lease with Leemilts Petroleum, Inc. (hereinafter Leemilts), on May 11,1962 for a 20-year period, to commence upon the procuring of a certificate of occupancy for a gas service station. Since the certificate of occupancy was issued on December 12, 1963, the lease also commenced on that date and was to terminate on December 11, 1983. Sometime after commencement of the lease, plaintiff alleges that it became the assignee of Leemilts and, until the termination date of the lease, paid rent for the premises to the defendant. As the lease neared the end of its term, the defendant’s attorney, on November 15, 1983, advised plaintiff by a letter sent by certified mail that the lease was expiring and that all rights thereunder would cease as of the expiration date of the *229 lease. The letter further advised that if plaintiff should hold over beyond the expiration date of the lease, then it would do so purely as a tenant at will, without any benefits of the lease previously in force, except that of peaceful use and occupancy, at the will of the landlord, at the same rental last paid under the terms of the expired lease.
Subsequently, on December 15, 1983, coshareholders of the defendant entered into a contract wherein they agreed to sell all their shares of the defendant corporation to Henry Brendon Donnelly and his wife. By certified letter dated December 19, .1983, Power Test was notified by defendant’s attorney that a contract of sale was entered into and that plaintiff would be required to vacate the premises on or before January 31, 1984. In a responsive letter dated December 29, 1983, Power Test, by its attorney, claimed that pursuant to the lease it was entitled to its option of right of first refusal. This demand was rejected by defendant.
Thereafter, plaintiff commenced this lawsuit in which it alleges three causes of action. The first cause of action seeks a declaration by the court that the contract of sale of shares of stock was, in fact, a contract to sell the premises and that plaintiff is entitled to its right of first refusal. The second cause of action seeks a mandatory injunction compelling defendant to afford plaintiff its right of first refusal to purchase the premises at the price set forth in the contract of sale. The third cause of action seeks incidental damage of $100,000 arising from defendant’s alleged willful and deliberate refusal to afford plaintiff its right of first refusal.
With the institution of the lawsuit, plaintiff simultaneously sought a preliminary injunction which was granted on April 17, 1984. Upon plaintiff’s failure to file its undertaking within a reasonable period of time, by order of this court dated June 5, 1984, the preliminary injunction was canceled and dissolved.
Following the commencement of the action on February 7, 1984, the parties to the contract entered into a stipulation terminating the contract; the down payment was returned while the litigation continued. Subsequently, on June 29, 1984, after dissolution of the preliminary injunction, the original contract was revived. The buyers of the shares of defendant allegedly paid to the sellers of shares $230,000 and the shares were transferred.
Defendant seeks summary judgment dismissing the complaint on the ground that plaintiff has not demonstrated that it is an assignee of Leemilts and therefore is not entitled to any *230 rights under the lease. Defendant further argues that, even if plaintiff was an assignee of Leemilts, inasmuch as the lease expired prior to the original contract of sale, the option for the right of first refusal did not survive the expiration of the lease. Lastly, it contends that the sale of stock of the corporation owning the realty would not trigger the option for the right of first refusal where the lease limits it to the sale of real property only.
Plaintiff, on the other hand, argues that the option for the right of first refusal in the lease extends to plaintiff as a holdover month-to-month tenánt and that the contract to sell the shares of stock was, in fact, a contract to sell realty and should be so judged.
The relevant portions of the lease with respect to this lawsuit are contained in clauses 31 and 32 and provide in part as follows:
“31. If, at any time, during the term of this lease or any extension or renewal thereof, lessor, receives a bonafide offer to lease the demised premises * * * or a bonafide offer for the purchase of said premises, and lessor desires to accept such offer, lessor shall immediately submit to lessee a written copy of such offer * * * and lessee shall have thirty (30) days after receipt thereof in which to elect to lease or purchase said premises upon the sale terms and conditions contained in such offer.
“32. If, at the expiration or termination of the lease, or any extension thereof, lessee shall holdover for any reason, the tenancy of lessee thereafter shall be from month-to-month only and be subject to all other terms and conditions of the lease, in the absence of a written agreement to the contrary.”
The court finds that under the express provisions of the lease that the option was valid only during the term of the lease and therefore expired with the expiration of the lease on December 11, 1983, the option did not carry over into the month-to-month tenancy. (See Gulf Oil Corp. v Buram Realty Co., 11 NY2d 223; Matter of Lazarus v Flournoy, 28 AD2d 685; Rabinovitz v Williamson, 194 Misc 17, affd 275 App Div 841; contra Tubbs v Hendrickson, 88 Misc 2d 917.)
Accordingly, the branch of the defendant’s motion for summary judgment dismissing the complaint is granted and the plaintiff’s cross motion for summary judgment is denied. The complaint shall be severed from the defendant’s counterclaims. In light of the above determination, the branch of the defendant’s motion for a protective order vacating plaintiff’s demand for interrogatories numbered 2,3,4 and 5 and that branch of the defendant’s motion to vacate the notice of pendency are also *231 granted. Cancellation of the notice of pendency is, however, to be stayed until plaintiff’s time to appeal from the final judgment herein has expired. (CPLR 6514, subd [a].) The branch of the defendant’s motion to dismiss a portion of plaintiff’s ad damnum clause that seeks counsel fees is denied as moot. The branch of defendant’s motion to dismiss plaintiff’s first affirmative defense to the defendant’s counterclaim is also granted. (See Konow v Sugarman, 71 AD2d 1016; Bazinet v Lorenz, 70 AD2d 582.)