Ellen G. Ritteman, U.S. Attys. Office, Detroit, Mich., for plaintiff.

Harold S. Fried, Southfield, Mich., for defendant.

**UNITED STATES of America, Plaintiff,**

v.

**$468,200.00 IN UNITED STATES CURRENCY, Defendant.**

No. 87–73227–DT.

United States District Court, E.D. Michigan, S.D.

June 24, 1988.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

Plaintiff filed a complaint for civil forfeiture on August 31, 1987. Plaintiff's complaint alleges that the Defendant currency was transported into the United States by Susan Jeannie Heaslip and Cheryl Anne Sherman, Canadian citizens. The complaint alleges that these parties failed to

file a currency report as required by 31 U.S.C. § 5316(a). Plaintiff asserts that the currency must be forfeited under 31 U.S.C. §§ 5316, 5317 and 5322. Plaintiff also alleges that the currency was intended to be used for payment or in exchange of controlled substances in violation of 21 U.S.C. § 801. If true, the Defendant currency is forfeitable under 21 U.S.C. § 881(a)(6) and 31 U.S.C. §§ 5316, 5322 and 5317(b).

On April 11, 1988, the Plaintiff filed a motion for partial dismissal and summary judgment. A response has been filed by the claimants of the Defendant currency and this matter is ripe for disposition. The Plaintiff's motion addresses two (2) issues and the Court will treat them separately.

## I. Motion to Dismiss

Plaintiff requests that the Court dismiss a portion of the forfeiture proceeding; explicitly, $288,700.00. Plaintiff informed the Court that this amount had already been adjudicated and forfeited by an Order of Forfeiture of the United States District Court for the Western District of Michigan on January 4, 1988.

In response, the claimants assert that the Western District's Order is ineffective in the civil forfeiture proceedings in this case. The claimants cite to case law for the proposition that the seizure of property under a Court order gives that Court prior and paramount jurisdiction over the property over all other jurisdictions. *Heidritter v. Oil Cloth Co.*, 112 U.S. 294, 5 S.Ct. 135, 28 L.Ed. 729 (1884); *Clark v. Five Hundred and Five Feet of Lumber*, 70 F. 1020 (7th Cir.1895). Thus, the claimant's request, in effect, that this Court ignore the Order of the Western District.

In reply, the Plaintiff argues that although the claimants, as possessors and thus bailees of the currency, have standing to defend this action, they are not the owners. Instead, the parties that forfeited the money in the Western District are the admitted owners. Plaintiff has attached a copy of a report taken wherein the claimants admit that they did not *own* the Defendant currency, but instead that they were carrying the Defendant currency for

a friend of claimant's father. The claimants have failed to rebut this statement by affidavit or other testimony.

■ It is basic law that the owner of property has claims superior to bailees. As such, the individual who forfeited the money in the Western District had the right to do so. The claimant's statement contained in the file indicates that that person had superior rights over the claimants.

Based on the above, the Court hereby GRANTS Plaintiff's motion to dismiss the sum of $288,700.

## II. Summary Judgment

Plaintiff seeks the entry of summary judgment as to the remaining currency; explicitly, $179,500. Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1985); Fed. R.Civ.P. 56(c). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S.Ct. at 2512. The claimants have responded.

Plaintiff brings this motion under several statutes. Regarding customs forfeiture, 32 U.S.C. § 5316 provides in pertinent part:

(a) Except as provided in subsection (c) of this section, a person or an agent or *bailee* of the person *shall* file a report under subsection (b) of this section

when the person, agent, or bailee *knowingly* —

(1) transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time—

\* \* \* \* \* \*

(B) to a place in the United States from or through a place outside the United States ...

(b) A report under this section shall be filed at the time and place the Secretary of the Treasury prescribes. The report shall contain the following information to the extent the secretary prescribes:

(1) the legal capacity in which the person filing the report is acting.

(2) the origin, destination, and route of the monetary instruments.

(3) when the monetary instruments are not legally and beneficially owned by the person transporting the instruments, or if the person transporting the instruments is not going to use them, the identity of the person that gave the instruments to the person transporting them, the identity of the person who is to receive them, or both.

(4) the amount and kind of monetary instruments transported.

(5) additional information.

31 U.S.C. § 5316 (West.Supp.1988). If a bailee fails to comply with § 5316, the monetary instruments may be seized by the United States Government. 31 U.S.C. § 5317(c) (West.Supp.1988). Persons who violate § 5316 may also be subject to civil and criminal penalties. 32 U.S.C. §§ 5321, 5322 (West.Supp.1988).

██ There is no dispute that the claimants transported the Defendant currency into the United States from Canada. Further, there is no dispute that claimants failed to report the amount upon their entry into this country. Claimants argue, however, that they were unaware of the reporting requirement of § 5316. The dispute which arises herein is whether § 5316 requires forfeiture to those who did not know that reporting was required.

Several circuits have held that knowledge of the reporting requirement is not an element under § 5316. *United States v. One Hundred Twenty–Two Thousand Forty–Three Dollars in United States Currency*, 792 F.2d 1470, 1474 (9th Cir. 1986); *United States v. Twenty Thousand Seven Hundred Fifty–Seven Dollars and Eighty–Three Cents Canadian Currency*, 769 F.2d 479, 482 (8th Cir.1985); *United States v. $831,160.45 United States Currency*, 607 F.Supp. 1407, 1414 (N.D. CA 1985), *aff'd*, 785 F.2d 317 (9th Cir.1986) ("The term 'knowingly' in § 5316 refers only to the knowing transportation of currency, not to specific knowledge of the reporting requirements."); *United States v. Four Million Two Hundred Fifty Five Thousand Six Hundred and Twenty Five Dollars and Thirty Nine Cents*, 528 F.Supp. 969, 971 (S.D.Fla.1981) ("specific knowledge of the reporting requirements is not an element of this forfeiture action ..."). Other circuits, however, have held that forfeiture liability only arises when the claimant has knowingly failed to file a report. *United States v. One (1) Lot of Twenty–Four Thousand Nine Hundred Dollars in U.S. Currency*, 770 F.2d 1530, 1534–35 (11th Cir.1985); *United States v. $359,500 in United States Currency*, 645 F.Supp. 638, 643 (W.D.N.Y.1986) (forfeiture not proper where party did not have knowledge of the reporting requirement). The Court notes that the Court of Appeals for the Sixth Circuit has not addressed this issue. After reviewing this matter, the Court agrees with the Ninth Circuit which held:

"The plain language of the statute controls. 'Knowingly' in the statute modifies the verb 'transports.' The section does not support a reading that knowledge of the reporting requirement is an element of a section 5316 violation."

792 F.2d at 1474. Thus, a person who knowingly "transports" currency in excess of $10,000 into the United States without reporting this amount is subject to forfeiture under §§ 5316 and 5317.

As stated earlier, claimants do not argue that they did not know that the Defendant currency was in their possession when they

entered the United States. Claimants' defense is that they were unaware of the reporting requirement. Since this Court has held that the issue is whether the claimants knowingly "transported" the currency over the border rather than "reported" the currency to the proper officials, the claimants' defense is inapplicable.

Finding no additional arguments, the Court GRANTS Plaintiff's motion for summary judgment and Orders forfeiture in the amount of $179,500.[1] Plaintiff is hereby ordered to submit a proposed judgment by June 30, 1988.

IT IS SO ORDERED.

---

**1.** This amount represents the total of the monies found in the claimants vehicle, including those found on their person, minus the $288,700 this Court dismissed pursuant to the Western District's forfeiture Order.