**UNITED STATES of America, Plaintiff,**

v.

**ONE 1986 FIREBIRD, Defendant.**

**Civ. No. 89–0299 P.**

United States District Court,
D. Maine.

May 6, 1992.

Jonathan Chapman, Asst. U.S. Atty., Portland, Me., for U.S.

Germain Ramirez, pro se.

Bonnie Garcia, Portland, Me., for defendant.

### ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

In this action Plaintiff seeks civil forfeiture of Defendant automobile under 21 U.S.C. § 881(a)(4) on the grounds that it was the locus of a drug transaction and was used to transport cocaine. Claimant Germain Ramirez–Fernandez is the title owner of Defendant. He was convicted by a jury verdict in this court on an indictment charging in pertinent part that on or about March 16, 1989 in the District of Maine he possessed with intent to distribute a substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1). Now before the Court is Plaintiff's Motion for Summary Judgment.

A motion for summary judgment must be granted if:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

---

is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). As the Court of Appeals for the First Circuit has recently stated: "To survive summary judgment, [the non-moving party] must ... show[ ] that there [is] sufficient evidence such that 'a reasonable jury could, on the basis of the proffered proof, return a verdict' in its favor." *Media Duplication Services, Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1240 (1st Cir.1991) (*quoting Brennan v. Hendrigan*, 888 F.2d 189 (1st Cir.1989)).

Section 881(a) provides in pertinent part that

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this title....

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9)....

█ The government's burden in a civil forfeiture action is that of establishing probable cause to believe that the defendant property "had the requisite nexus to a specified illegal purpose." *United States v. One Lot of U.S. Currency ($68,000)*, 927 F.2d 30, 32 (1st Cir.1991). After the government has made a showing of probable cause, "the burden shifts to the claimant to prove by a preponderance of the evidence that the property was not used in violation of the statute or that it was so used without the owner's knowledge or consent." *United States v. Parcel of Land and Residence at 28 Emery St., Merrimac, Mass.*, 914 F.2d 1, 3 (1st Cir. 1990).

Plaintiff has submitted as evidence supporting its motion for summary judgment

the affidavit of Portland Police Detective Arthur Shaughnessey. Shaughnessey avers that Defendant is registered to Claimant Germain Ramirez–Fernandez. Shaughnessey also reaffirms his testimony at the trial of Claimant, where he described a drug transaction on March 16, 1989 in which Jeremiah Young, a police informant, was driven in Defendant by Claimant from Portland to the Maine Motel in South Portland, Maine where Claimant provided Young with cocaine in the Defendant vehicle. He then drove Young and the cocaine back to Portland. Shaughnessey observed the transaction, monitored it by wire and retrieved the cocaine from Young.

These facts, if undisputed, would establish probable cause to believe that Defendant had the requisite nexus to the specified illegal purpose of transporting and facilitating the sale of drugs. Claimant, however, opposes the motion for summary judgment on the grounds that Detective Shaughnessey mistook another black Pontiac Firebird in which Claimant was riding on March 16, 1989 for Defendant. The record contains an affidavit of Claimant averring that he did not drive Defendant to the Maine Motel in South Portland on March 16, 1985, but that he was an occupant in a 1985 Pontiac Firebird registered to Miss Mindy DeJesus, which was seen in the parking lot of the Maine Motel in South Portland on that date.[1] As the Court of Appeals for the First Circuit noted in its recent decision in this case, Claimant's averments "outline a viable (if proven) wrong car defense to the forfeiture action." *United States v. One 1986 Pontiac Firebird*, No. 91–2185, slip op. at 4, 1992 WL 64790 (1st Cir. April 2, 1992) (959 F.2d 230 [table]). There remains, therefore, a genuine issue of material fact precluding the grant of summary judgment in this case.

█ Plaintiff argues that summary judgment is appropriate as a matter of law because Claimant is collaterally estopped

---

1. Claimant has submitted an affidavit in support of his motion for summary judgment which recites that he has been duly sworn but is not notarized. *See* Docket Entry 54. Virtually identical averments, however, are contained in a prior notarized affidavit submitted in support of Defendant's motion for summary judgment. *See* Docket Entry 14.

by his criminal conviction for the March 16 drug transaction to deny that the transaction did not take place in Defendant automobile, as testified to by Detective Shaughnessey at the trial. As the Court of Appeals has explained:

> It is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding.... Such estoppel extends only to questions "distinctly put in issue and directly determined" in the criminal prosecution.... In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment....

*Glantz v. United States*, 837 F.2d 23, 25 (1st Cir.1988). In a more recent case, the court further explains that the doctrine of collateral estoppel "has long been thought inoperative as to 'evidentiary' or 'mediate' facts." *United States v. Rodriguez-Estrada*, 877 F.2d 153, 157 (1st Cir.1989).

It is plain to this Court that Shaughnessey's testimony at Claimant's trial concerning the black 1986 Firebird was a mediate or evidentiary fact. The exact identity of the car in which Claimant provided Young with the cocaine and drove him back and forth from Portland to South Portland was not "distinctly put in issue and directly determined" by the trial and subsequent verdict in Claimant's criminal case and was not essential to the verdict. The government is not, therefore, entitled to collateral estoppel as to the identity of the car involved in the drug transaction for which Claimant was convicted. This case is readily distinguishable from *United States v. MONKEY*, 725 F.2d 1007, 1010 (5th Cir. 1984), a forfeiture case cited by Plaintiff in which use of the forfeited vessel for transporting marijuana was established by collateral estoppel based on a prior criminal judgment. In the underlying criminal case, the vessel MONKEY had been named in the indictment and "there was an issue of whether the MONKEY was used to import marijuana.... [T]he issues were actually litigated, and they were necessarily decided by the guilty verdicts returned by the jury." *Id.* at 1010.

Accordingly, it is ORDERED that Plaintiff's Motion for Summary Judgment be, and it is hereby, DENIED.

SO ORDERED.