UNITED STATES of America, Plaintiff,

v.

CERTAIN REAL PROPERTY AND PREMISES KNOWN AS 4003–4005 FIFTH AVENUE, BROOKLYN, NEW YORK, Defendant.

No. 92–CV–0961 (TCP).

United States District Court, E.D. New York.

Dec. 16, 1993.

Shulman & Laifer, Brooklyn, NY (Hal Meyerson, Meyerson & Ramos, New York City, of counsel), for claimants Juan Antonio Tapia–Ortiz and Maria Mendez.

Christopher K. Sowers, Brooklyn, NY, for claimant James Poirier.

Zachery W. Carter, U.S. Atty., E.D.N.Y. (Warren Ausubel, Asst. U.S. Atty., of counsel), for plaintiff.

### ORDER

PLATT, Chief Judge.

The claimant in this civil forfeiture action, Juan Antonio Tapia–Ortiz, seeks leave of this Court to withdraw his assertion of the Fifth Amendment privilege and amend his response to plaintiff's interrogatories. Tapia–Ortiz was found guilty in this Court in February 1992 of conspiring to possess and possession with intent to distribute cocaine and heroin. *United States v. Tapia–Ortiz,* 91–CR–1014. In March 1992, the government instituted the present civil forfeiture action alleging that the subject premises was used in furtherance of Tapia–Ortiz's narcotics conspiracy. On June 3, 1992, Tapia–Ortiz filed a notice of claim to the property in this action. In response to several interrogatories requesting information concerning claimant's narcotics related activities, claimant filed papers on or about February 16 and March 26, 1993 asserting his Fifth Amendment privilege. Tapia–Ortiz now seeks to withdraw his assertion of the privilege and interpose answers to the government's interrogatories in order to oppose a proposed motion for summary judgement by the government. For the reasons stated herein, defendant's motion for leave to amend is denied.

Tapia–Ortiz may not invoke his privilege against self-incrimination to hinder the government's discovery efforts and then seek to waive or deny the existence of the privilege on the eve of trial or the equivalent thereof as in the present case. *United States v. Parcels of Land,* 903 F.2d 36, 45 (1st Cir.1990); *United States v. Sixty Thousand Dollars ($60,000.00) In United States Currency,* 763 F.Supp. 909 (E.D.Mich.1991). A claimant's decision to invoke or waive the privilege against self-incrimination must be made when the claimant is first presented with a request to divulge the privileged information. *United States v. St. Pierre,* 132 F.2d 837, 840 (2d Cir.1942). Although this Court should strive to accommodate the Fifth Amendment interests of a criminal defendant who is involved in a concurrent civil action, *United States v. The Leasehold Interest in 121 Nostrand Avenue,* 760 F.Supp. 1015, 1034 (E.D.N.Y.1991), the burden is upon the claimant in the civil action to petition that court to institute some provisions to accommodate the conflicting interests of the defendant-claimant. *Parcels of Land,* 903 F.2d at 44–45. A claimant wishing to be subject to full discovery in a civil forfeiture action while retaining the protective cloak of the Fifth Amendment privilege in a related criminal case must seek the assistance of the Court rather than asserting and waiving the privilege when convenient to the party. *Id.* Accordingly, Tapia–Ortiz may not now withdraw his assertion of the privilege after persistently asserting his Fifth Amendment rights throughout the pendency of this proceeding. Therefore, claimant will not be permitted to oppose the government's summary judgement motion with any material previously claimed to be within Tapia–Ortiz's

8

Fifth Amendment privilege against self-incrimination.

SO ORDERED.