**UNITED STATES of America, Plaintiff,**

v.

**CERTAIN REAL PROPERTY AND PREMISES KNOWN AS 4003–4005 FIFTH AVENUE, BROOKLYN, NEW YORK, Defendant.**

No. 92–CV–0961 (TCP).

United States District Court, E.D. New York.

April 27, 1994.

52

Shulman & Laifer, Brooklyn NY, Hal Meyerson, Meyerson & Ramos, New York City, of counsel, for claimant Juan Antonio Tapia–Ortiz.

Albert J. Brackley, Brooklyn, NY, for claimant Maria Mendez.

Christopher K. Sowers, Brooklyn, NY, for claimant James Poirier.

Zachery W. Carter, U.S. Atty., E.D. N.Y., Warren Ausubel, Brooklyn, NY, of counsel, for plaintiff.

### *MEMORANDUM AND ORDER*

PLATT, Chief Judge.

Plaintiff United States of America moves pursuant to Federal Rule of Civil Procedure 56 for an Order of this Court granting summary judgment in this civil forfeiture proceeding under 21 U.S.C. § 881 and 18 U.S.C. § 981(a). The government contends that no claimant maintains any legal interest in the property superior to the government and without knowledge of the narcotics activity on the property and therefore summary judgment is appropriate. For the reasons stated herein, plaintiff's motion for summary judgment must be granted.

**Background**

Juan Antonio Tapia–Ortiz was found guilty of conspiring to possess and possession with intent to distribute heroin in a jury trial on February 12, 1992. Tapia–Ortiz was sentenced by this Court to a term of imprisonment of 480 months and fined $100,000.00 by this Court on July 9, 1993. *United States v. Tapia–Ortiz,* 91–CR–1014. This conviction and sentence is presently on appeal before the United States Court of Appeals for the Second Circuit. *United States v. Tapia–Ortiz,* No. 91–1435 (2d Cir. filed January 29, 1993).

The government initiated the present forfeiture action on March 2, 1992 against a building and property owned by Tapia–Ortiz located at 4003–4005 Fifth Avenue, Brooklyn, New York. The government previously filed *lis pendens* against the aforementioned property with the Clerk of King's County on December 13, 1991 and on March 4, 1992. On June 2, 1992, Maria Mendez and James Poirier filed Notices of Claim to the property. Mendez contends that she accrued an interest in the property by virtue of her relationship with Tapia–Ortiz, which produced several children who live at the subject premises with Mendez. Poirier asserts a claim to the property based upon a mortgage note executed between Poirier and Tapia–Ortiz and recorded with the County Clerk on March 27, 1992.

Tapia–Ortiz filed a Notice of Claim on June 3, 1992 claiming that the premises were not used in furtherance of the crimes for which he was convicted. Throughout discovery in this matter, however, Tapia–Ortiz asserted his Fifth Amendment privilege in response to the government's discovery requests. When Tapia–Ortiz sought to oppose the present motion with an affidavit denying the occurrence of any narcotics activity on the property, this Court refused to permit Tapia–Ortiz to withdraw his assertion of the Fifth Amendment privilege by interposing material previously claimed to be within the privilege. *United States v. 4003–4005 Fifth Avenue*, 840 F.Supp. 6 (E.D.N.Y.1993). Notwithstanding the fact that Tapia–Ortiz has not submitted any affidavits or pointed to any evidence in support of his contention that the property was not used in furtherance of his narcotics activities, Tapia–Ortiz contends that his verified pleading asserting a claim to the property is sufficient to overcome the government's summary judgment motion.

**Discussion**

The government moves for summary judgment forfeiting the defendant property. Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91

L.Ed.2d 265 (1986). Where, as here, the moving party bears the burden of persuasion on the matter in dispute, the movant must come forward with sufficient evidence to establish a *prima facie* case under the applicable standard of proof. *Id.* at 331, 106 S.Ct. at 2556–57 (Brennan, J., dissenting). If the movant successfully carries his or her burden, the burden of production shifts to the nonmoving party who then must go beyond the pleadings and "designate specific facts showing there is a genuine issue for trial." Fed.Rule.Civ.P. 56(e).

■ However, in the context of civil forfeiture, the burden of persuasion also shifts to the claimant upon the government's proof of probable cause justifying forfeiture of the property under the statute. *United States v. Daccarett*, 6 F.3d 37, 56 (2d Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1294, 127 L.Ed.2d 648 (1994). Accordingly, in order to defeat a properly supported motion for summary judgment, the claimant opposing summary judgment may not merely identify facts in dispute but must come forward with "significant probative evidence" of material facts such that a rational jury could find for the claimant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

*A. Claimant Tapia–Ortiz*

■ Tapia–Ortiz opposes the government's civil forfeiture motion by arguing that the government has failed to establish that the defendant property was used in furtherance of the crimes for which he was convicted. The government contends that Tapia–Ortiz is collaterally estopped from contesting that the subject property was used in furtherance of his narcotics trafficking crimes. *See United States v. Gelb*, 783 F.Supp. 748, 755 (E.D.N.Y.1991). "It is well-settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case." *United States v. Podell*, 572 F.2d 31, 35 (2d Cir. 1978). Tapia–Ortiz contends that collateral estoppel should not attach because it is unclear from the record which of the several

narcotics transactions attested to at trial were relied upon by the jury in reaching its findings. *See United States v. One 1986 Firebird,* 791 F.Supp. 29, 31 (D.Me.1992) (facts relied upon must be "distinctly put in issue and directly determined").

 This Court need not decide the preclusive effect of Tapia–Ortiz's prior conviction in the present case because there is ample unrefuted evidence to carry the government's burden of proof in the present summary judgment motion. The government is not required to rely upon a criminal conviction to forfeit property under 21 U.S.C. § 881(a)(7). Rather, the government "has the burden of proving only that there is probable cause for belief that a substantial connection exists between the money [or property] to be forfeited and the exchange of a controlled substance." *United States v. U.S. Currency in The Amount of $228,- 536.00,* 895 F.2d 908, 916 (2d Cir.), *cert. denied,* 495 U.S. 958, 110 S.Ct. 2564, 109 L.Ed.2d 747 (1990). If the government carries its burden of proving probable cause, "the burden shifts to the claimant to demonstrate that the money [or property] was not used in violation of the statute." *Id.* A claimant may shoulder his or her burden of proving that the property was not used in violation of the statute by proving, by a preponderance of the evidence, "that the property was not in fact used unlawfully, or that the illegal conduct occurred without the owner's knowledge or consent." *United States v. 63–29 Trimble Road,* 812 F.Supp. 335, 337 (E.D.N.Y.1992).

██ "Probable cause is established if the government can show that it is has reasonable grounds, more than mere suspicion, to believe that the property is subject to forfeiture." *Marine Midland Bank, N.A. v. United States,* 11 F.3d 1119, 1126 (2d Cir.1993). The government bases its motion for summary judgment upon excerpts from the transcript of Tapia–Ortiz's trial and supplemental affidavits of a government witness setting forth first hand knowledge of narcotics transactions that occurred at the defendant premises in 1991. It may not be disputed that this testimony, subjected to cross-examination at trial and reiterated in the accompanying affidavit, is sufficient to establish "reasonable grounds" to believe that narcotics transactions took place at the defendant property. *See United States v. 15 Black Ledge Drive,* 897 F.2d 97, 101 (2d Cir.1990) (first hand affidavits sufficient to establish probable cause); *United States v. 38 Whaler's Cove Drive,* 954 F.2d 29, 32 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 55, 121 L.Ed.2d 24 (1992) (confidential informant's testimony concerning two transactions sufficient). Therefore, the government has met its burden of production and persuasion by coming forward with sufficient extrinsic evidence to establish the occurrence of narcotics activities having a substantial nexus to the defendant property. *See Daccarett,* 6 F.3d at 56 (required showing is "less stringent than the typical 'prima facie proof' ").

██ The claimant Tapia–Ortiz has not carried his burden of proving by a preponderance of the evidence that the property was not used as alleged by the government. *See Id.* at 57. Under Rule 56, a party opposing a motion for summary judgment that is properly supported by matters outside the pleadings may not merely rest upon his or her pleadings. Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'." *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Rule 56(e)). In his opposition papers, claimant has put forth only his verified notice of claim, an attorney affidavit, and a memorandum of law.[1] Since Tapia–Ortiz has failed to

---

1. Tapia–Ortiz also makes an offer of proof that Tapia–Ortiz would deny the occurrence of any narcotics trafficking at the defendant premises if permitted to testify. However, by virtue of this Court's prior decision in this case, *4003–4005 Fifth Ave.,* 840 F.Supp. at 7, Tapia–Ortiz is precluded from opposing the government's motion by introducing any factual affidavits concerning matters he previously claimed to be within his Fifth Amendment privilege. Since an affidavit in opposition to a motion for summary judgment must be in a form ordinarily admissible at trial, *Camporeale v. Airborne Freight Corp.,* 732 F.Supp. 358, 364 (E.D.N.Y.), *aff'd,* 923 F.2d 842 (2d Cir.1990), this offer of proof is entitled to no consideration.

produce *any* evidence by way of documents, testimony or affidavits to support his claim that the property was not used as alleged at trial and in the government's affidavits, no issue of fact exists and the government is entitled to judgment as a matter of law under Rule 56. Therefore, claimant Tapia–Ortiz has not set forth a cognizable claim to the property and the government's motion for summary judgment must be granted.

### B. *Claimant Maria Mendez*

 Maria Mendez asserts that she has a legal interest in the defendant premises that is not subject to forfeiture. Mendez claims that she has an interest in the property and/or the income from such property by virtue of her live-in relationship with Tapia–Ortiz at the defendant property that produced four children. Ans. at ¶¶ 16–24. In order "to establish standing in a civil forfeiture action, the claimant must demonstrate a possessory or ownership interest in the subject property." *United States v. One 1982 Porsche 928,* 732 F.Supp. 447, 451 (S.D.N.Y. 1990). This showing requires more than mere possession. Instead, the claimant must demonstrate "a domination or supremacy of authority over the property in question." *Mercado v. United States Customs Service,* 873 F.2d 641, 644 (2d Cir.1989).

 Mendez lacks any cognizable ownership or possessory interest in the defendant property. Mendez may not claim any personal interest in the defendant property merely from her longstanding consensual occupation of the premises. Under New York law, no property interest arises from the mere possession and occupation of property. *Morillo v. City of New York,* 178 A.D.2d 7, 582 N.Y.S.2d 387, 390, *appeal dismissed,* 79 N.Y.2d 1039, 584 N.Y.S.2d 448, 594 N.E.2d 942 (1992). Indeed, the bulk of Mendez's claim to the defendant property rests upon rights derived from Tapia–Ortiz's ownership of the property. Although Mendez's occupancy of the building may be sufficient to confer standing upon her to contest the forfeiture, *see Mercado,* 873 F.2d at 645, the substantive rights she claims in the property derived from Tapia–Ortiz's ownership interest are no better than Tapia–Ortiz's interest in the property. *See United States v. 1977 Porsche Carrera,* 946 F.2d 30, 34–35 (5th Cir.1991); *United States v. $468,200.00 in U.S. Currency,* 687 F.Supp. 317, 318 (E.D.Mich.1988). Since neither Mendez nor Tapia–Ortiz have interposed any affidavits to contest the transaction of narcotics at the defendant property, Mendez's rights in the property, if any, must be forfeited concomitantly with the interests of Tapia–Ortiz.

 Moreover, even if Mendez had any cognizable interest in the property independent of Tapia–Ortiz, that interest is also properly forfeited because Mendez has not pled sufficient facts to avoid forfeiture. Once the government establishes probable cause for forfeiture, the burden shifts to the claimants to plead and prove that the property was used lawfully or that the unlawful use occurred without the claimant's knowledge. *Daccarett,* 6 F.3d at 56. Mendez has made no claim nor adduced any proof that she had no knowledge of the drug activity occurring at the defendant property.[2] Therefore, judgment in favor of the government in this matter would be proper on this ground alone. *See United States v. Two Acres of Land,* 789 F.Supp. 220, 224 (S.D.Miss.1992).

### C. *Claimant James Poirier*

 James Poirier asserts an interest in the defendant property by virtue of a $40,000.00 mortgage executed by Tapia–Ortiz on January 10, 1992 and recorded with the Clerk of King's County on March 27, 1992. However, the government has introduced evidence, which Poirier does not dispute, that notices of pendency were filed with the clerk's office on the defendant property on December 13, 1991 and again on March 4, 1992. Decl. of Allan Payne, Ex. K. Under New York law, Poirier's mortgage, entered into and recorded after the notices of pendency were filed, is subordinate to the inter-

---

2. Just prior to filing this Memorandum, Mendez submitted an affidavit which, for the first time, denies any knowledge of drug activities at the defendant premises. Since this Court does not find Mendez's new claims to change the outcome of this summary judgment motion, *see* note 3, *infra,* we need not decide whether this untimely affidavit is entitled to any consideration.

ests of the government in the defendant property. *See Tubbs v. Hendrickson*, 88 Misc.2d 917, 390 N.Y.S.2d 791, 793 (Sup.Ct. 1976). Where the government has superior title to the property and premises, the subordinate interests are worthless. *1977 Porsche*, 946 F.2d at 35. Therefore, Poirier's claim has no merit and the government's motion for summary judgment must be granted.

## Conclusion

■ The government has amply met its burden of proving probable cause to believe that the defendant premises bears a substantial connection to Tapia–Ortiz's drug activities. None of the parties who have filed a notice of claim in this proceeding have met their burden of proving an interest in the property notwithstanding the drug activities that occurred at the premises.[3] Therefore, the government's motion for summary judgment must be granted.

SO ORDERED

---

**3.** Subsequent to the preparation and shortly after the execution of the above Memorandum we received papers on behalf of claimant Maria Mendez improperly captioned "Motion Pursuant to Rule 19(a)." Mendez seeks to establish her entitlement to the property on the ground that she is the common law wife of Tapia–Ortiz under the law of Puerto Rico on the basis that they cohabitated for some unspecified period of time in Puerto Rico. However, it is well-settled that Puerto Rico law does not recognize common law marriages. *Delgado v. Bowen*, 651 F.Supp. 1320, 1321 (D.P.R.1987). *See* 31 P.R.Laws §§ 221, 263. Accordingly, Mendez has no marital property rights in the defendant property.