■ TRANSIT DRIVE-IN THEATER, INC., Respondent, v OUTDOOR THEATRE CATERERS, INC., Appellant.—Order unanimously affirmed, with costs. Memorandum: Defendant appeals from an order denying its motion for summary judgment. In 1963 the parties entered into a one-year lease relative to defendant's operation of a "snackbar" concession at plaintiff's drive-in theater. Paragraph 14 of the lease provided that neither party would be liable to the other for property damage resulting from negligence and that the insurance policies of both parties would be indorsed accordingly. Paragraph 6 of the lease required defendant to maintain and repair "all of Operator's equipment which it uses" and paragraph 16 required it to "keep its refreshment stands in a clean and orderly condition". Although the lease was not renewed after its 1964 expiration date, the parties maintained a landlord-tenant relationship until December 31, 1974. In 1973 a fire occurred in the snackbar building, damaging the structure and its contents, and plaintiff commenced this negligence action. Defendant contends that the terms of the original lease were applicable at the time of the fire and it is therefore relieved of liability by the provisions of paragraph 14. It is generally true that where a tenant holds over, the law implies that he does so upon the same terms and conditions as under his previous tenancy *(City of New York v Pennsylvania R. R. Co.,* 37 NY2d 298; *Kennedy v City of New York,* 196 NY 19; *Baylies v Ingram,* 84 App Div 360, affd 181 NY 518). However, the implication does not obtain where the acts and conduct of the parties negate the existence of the original contract *(Stern v Equitable Trust Co.,* 238 NY 267, 269); or where the implication is inappropriate by reason of changed conditions *(Baylies v Ingram, supra,* p 362); or where the circumstances tend to refute any intent to continue the applicability of a particular provision which is not an essential element of the landlord-tenant relationship *(Gulf Oil Corp. v Buram Realty Co.,* 11 NY2d 223). Summary judgment should not be granted where genuine factual issues are raised or where any material issue is arguable *(Stone v Goodson,* 8 NY2d 8; *Falk v Goodman,* 7 NY2d 87). The moving party must present evidentiary facts which clearly demonstrate that, as a matter of law, a defense cannot be sustained (4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.05C). The evidentiary facts presented here are incomplete and fail to meet that standard. Factual questions concerning defendant's affirmative duty under the lease to maintain the premises and the continued compliance of the parties with the several other lease provisions should be resolved in order to determine the nature of the relationship of the parties after the expiration of the lease and whether they intended paragraph 14 to survive. Accordingly, Special Term properly denied defendant's motion for summary judgment. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.