■ ROSSINSKI REALTY Co., INC., Respondent-Appellant, v GREGORY FARRELL et al., Appellants-Respondents.—Order of the Appellate Term (Thomas J. Hughes, P. J., and Xavier C. Riccobono and Jawn A. Sandifer, JJ.), Supreme Court, First Judicial Department, entered January 22, 1987, which reversed a final judgment of the Civil Court, New York County (Wilson G. Graves, J.), entered January 10, 1986, and remanded for further proceedings, is unanimously modified, on

the law and on the facts, to the extent of deleting that portion of Appellate Term's order which remands for further proceedings, the petition of landlord is dismissed, the tenancy of the premises is awarded to Ms. Anne Kallenberg (Ms. Kallenberg) and Mr. Dennis R. LaRock (Mr. LaRock), and these tenants are directed to pay any outstanding rent arrears to the landlord from the date they were assigned the tenancy by outgoing tenants Mr. Gregory Farrell (Mr. Farrell) and Mrs. Catherine C. Farrell (Mrs. Farrell), and, except as so modified, otherwise affirmed, without costs.

In 1970, landlord and Mr. and Mrs. Farrell (Farrells), as tenants, executed a one-year commercial lease for the subject loft premises, which is apartment 2, located in 107 West 26th Street, New York County. Although this lease contained a provision which prohibited these tenants from using the premises as a residence, the landlord was aware that the Farrells intended to reside therein.

Another provision of this one-year lease permitted the Farrells to exercise an option to renew for a further one-year term, but, this option was not exercised. Nevertheless, after the lease expired, by its own terms, on June 30, 1971, the Farrells, with their children, continued to occupy the loft as month-to-month tenants, with interim rent increases, for the next 11 years.

The New York Loft Law took effect on June 21, 1982, and, provides, in pertinent part, that persons who qualify as tenants under the Loft Law, are extended the right to continue to occupy their loft (Multiple Dwelling Law § 286 [2], [3]) and "a residential tenant [who qualifies] for protection pursuant to [the Loft Law] may sell any improvements to the unit made or purchased by him to an incoming tenant provided, however, that the tenant shall first offer the improvements to the [landlord] for an amount equal to their fair market value" (Multiple Dwelling Law § 286 [6]).

By letter dated October 19, 1982, Mr. Farrell notified the landlord, in substance, that the Farrells intended to vacate the premises, and that, unless the landlord desired to buy their fixtures at "their fair market value" (Multiple Dwelling Law § 286 [6]), they intended to assign their tenancy in the premises to Ms. Kallenberg and Mr. LaRock (incoming tenants) and to sell these incoming tenants the fixtures for $10,000. Thereafter, the landlord, in substance, rejected the offer to purchase these fixtures. Subsequently, the Farrells, in December 1982, consummated their arrangement, mentioned

*supra,* with the incoming tenants, and, when the Farrells vacated, the incoming tenants moved in, together with their children. From the date they moved in to the present time, these incoming tenants have resided in the loft.

Thereafter, the landlord, in March 1983, instituted a holdover proceeding against respondents outgoing tenants, the Farrells, and respondents incoming tenants, Ms. Kallenberg and Mr. LaRock. In August 1985, landlord amended its petition to, *inter alia,* reflect that the premises were subject to the Loft Law, as an interim multiple dwelling (IMD).

On December 17, 1985, this holdover proceeding came on for trial in Civil Court, New York County, and, after, a bench trial, a final judgment, entered January 10, 1986, awarded possession of the premises to the landlord.

Subsequently, the Farrells and the incoming tenants appealed to Appellate Term.

On appeal, Appellate Term, in substance, found that the Farrells were residential occupants, who qualified for protection, pursuant to the Loft Law and, perceived "no issue as to the suitability of the assignees [Ms. Kallenberg and Mr. LaRock] as tenants" (134 Misc 2d 618, 619). However, that court then found "an issue as to whether the amount sought by the tenants [the Farrells] for their fixtures was, in fact, 'an amount equal to their fair market value' " *(supra,* at 619). Therefore, by order, entered January 22, 1987, Appellate Term reversed the final judgment of Civil Court, and remanded "for findings as to what improvements were made by the loft tenants [the Farrells], and what their fair market value is" *(supra,* at 620).

Respondents, the Farrells and the incoming tenants, as well as petitioner landlord moved and cross-moved for leave to appeal to this court from the order of Appellate Term, and, by order, entered July 30, 1987, we granted such leave.

Initially, the Farrells entered into this tenancy with the landlord, upon the basis of a one-year written lease. After that lease expired on June 30, 1971, they continued to reside in the loft for the next 11 years, as month-to-month tenants.

Usually, "where a tenant holds over, the law implies that he does so upon the same terms and conditions as under his previous tenancy * * * However, th[is] implication does not obtain where the acts and conduct of the parties negate the existence of the original contract" *(Transit Drive-in Theater v Outdoor Theatre Caterers,* 53 AD2d 1009 [1976]).

Our review of the record indicates that, after the expiration

of the lease, the landlord and the Farrells, as evidenced by their collective course of conduct during the 11 years of month-to-month tenancy, unequivocally did not intend to have the provisions, including the provision which forbids the tenant from assigning the tenancy without landlord's consent, of the expired lease govern their relationship as landlord and tenant.

We agree with Appellate Term's reversal of the judgment of Civil Court, which had awarded possession of the premises to the landlord. Also, we agree with that court's findings that the Farrells qualified as residential tenants for protection under the Loft Law, and the incoming tenants are suitable assignees of the tenancy of the Farrells. However, we find, based upon section V (A) (3) of the New York City Loft Board (Loft Board) Regulations (Relating to Sales of Improvements), that Appellate Term erred in remanding this matter "for findings as to what improvements were made by the loft tenants [the Farrells], and what their fair market value is" (134 Misc 2d, *supra,* at 620), since, pursuant to the Regulations of the Loft Board, *supra,* the landlord, by its untimely registration of the premises as an IMD, has forfeited any interest in the sale of improvements by the Farrells to the incoming tenants.

As mentioned *supra,* the Farrells, pursuant to Multiple Dwelling Law § 286 (6), after the landlord declined the offer to purchase the improvements, assigned their tenancy and sold the improvements to the incoming tenants.

Multiple Dwelling Law § 286 (6) states, in pertinent part, "[t]he loft board shall establish rules and regulations regarding such sale [as made by the Farrells] of improvements which shall include provisions that such right to sell improvements may be exercised only once for each unit subject to [the Loft Law]". At the time of the Farrells' sale, in December 1982, the Loft Board had not yet issued regulations concerning the one-time-only sale of improvements.

Subsequently, in 1985, the Loft Board promulgated section V, which is entitled: "Sales Which Occurred Prior to the Effective Date of These Regulations". Subdivision (A) (3) of this section reads: "Where sales of improvements were consummated for IMD units, prior to application for registration and prior to the effective date of these regulations, these regulations do not apply, and such sales do not constitute the one-time only sales permitted pursuant to Section 286 (6) of the MDL".

Based upon the plain meaning of the language of section V

(A) (3), quoted *supra,* we find that it does not apply to the December 1982 sale of improvements made by the Farrells, pursuant to Multiple Dwelling Law § 286 (6) in view of the fact that this sale was consummated prior to the landlord's application for registration of the premises as an IMD, which application was made in February 1983, and prior to the effective date of these regulations.

Accordingly, we modify Appellate Term's order to delete that portion of the order which remands for further proceedings, dismiss the petition of the landlord, award the tenancy of the premises to incoming tenants, Ms. Kallenberg and Mr. LaRock, and direct these incoming tenants to pay any outstanding rent arrears to the landlord from the date they were assigned the tenancy by outgoing tenants, the Farrells. Concur —Kupferman, J. P., Sullivan, Ross, Milonas and Wallach, JJ.