OPINION OF THE COURT
Ira B. Warshawsky, J.
The petitioner brought this action as a holdover proceeding against the respondent who is a tenant in a building that has gone "co-op”. The respondent has moved for summary judgment.
*585 On or about September 1987, the petitioner notified the respondent that the building complex in which the respondent resided had applied for co-op conversion. The respondent submitted a timely "Handicapped Person Election Form” to the petitioner wherein the respondent requested that he be exempted from purchasing his apartment on the basis of a handicap. The petitioner acknowledged receipt of the respondent’s Election Form and never challenged the respondent’s claim of being handicapped. (Part I, section G of petitioner’s "Cooperative Offering Plan” sets forth a 30-day time limit to challenge a notice of election by a handicapped person; see also, regulations governing the conversion of occupied residential property to cooperative ownership, 13 NYCRR 18.3 [lJ [6]; 18.8.)
The respondent argues that the petitioner cannot evict the respondent at this time in this forum. He contends that in the absence of fraud, any dispute on his eligibility as a disabled person had to be contested at an earlier time and through the Town Attorney or Attorney-General.
The petitioner argues that it is not challenging the respondent’s disability, but instead contends that the respondent became a month-to-month tenant when his lease expired and the month-to-month tenancy terminated on February 29, 1992 as a result of the petitioner serving the tenant with a notice of election to terminate on January 30, 1992.
Real Property Law § 232-c provides that if a landlord accepts rent from a tenant holding over after the expiration of a lease for a term greater than one month, then a month-to-month tenancy is created. Furthermore, this new tenancy impliedly continues on the same terms and subject to the same covenants as those contained in the original lease. (City of New York v Pennsylvania R. R. Co., 37 NY2d 298; Transit Drive-In Theater v Outdoor Theatre Caterers, 53 AD2d 1009; Tubbs v Hendrickson, 88 Misc 2d 917.) The petition filed in this summary proceeding alleges that the respondent entered into a written lease with the petitioner commencing November 1, 1988 and ending October 31, 1989. It appears from the papers submitted that the landlord has been accepting rent from the respondent since the expiration of that lease, and, therefore, pursuant to Real Property Law § 232-c, a month-to-month tenancy was created.
The first issue presented by the petitioner’s argument is whether the respondent’s refusal to renew his one-year lease *586 terminated his protection from eviction as a disabled person under General Business Law § 352-eee (2) (d) (iii). However, the court concludes that this issue was rendered moot by the fact that the petitioner voluntarily created a month-to-month tenancy by accepting rent after the expiration of the one-year lease.
The next issue presented is whether the respondent’s tenancy as a month-to-month tenant affords him any less protection from eviction than he enjoyed as a tenant for a term of one year. General Business Law § 352-eee (2) (d) (iii) states that "No eviction proceedings will be commenced, except as hereinafter provided, at any time against either eligible senior citizens or eligible disabled persons.” "Eligible disabled persons” are defined in General Business Law § 352-eee (1) (g).
General Business Law § 352-eee (2) (d) (iii) further provides that: "such [eviction] proceedings may be commenced against such tenants for non-payment of rent, illegal use or occupancy of the premises, refusal of reasonable access to the owner or a similar breach by the tenant of his obligations to the owner of the dwelling unit or the shares allocated thereto”.
The foregoing statute makes no distinction with respect to the term of the tenancy held by the senior citizen or disabled person, nor has any case law been found which makes such a distinction. Thus, the court finds that said section applies to a lease for a term greater than one month, as well as to a month-to-month tenancy to which the landlord has consented, directly or impliedly.
Accordingly, this court concludes that as a matter of law the petition is without merit since it does not allege any of the grounds set forth in General Business Law § 352-eee (2) (d) (iii). Therefore, the respondent’s motion for summary judgment is granted and the petition is hereby dismissed.