■ SOUTH STREET LIMITED PARTNERSHIP, Respondent, v JADE SEA RESTAURANT, INC., Doing Business as JADE SEA, et al., Appellants.—Order, Supreme Court, New York County (David B. Saxe, J.), entered on or about July 7, 1992, which, inter alia, awarded plaintiff use and occupancy retroactive to July 24, 1991, the date plaintiff's application therefor was returnable, unanimously modified on the law and the facts, to award use and occupancy retroactive to March 1, 1991, the date defendant first began to hold over, and otherwise affirmed, without costs. The matter is remanded for a determination of the amount of such use and occupancy.

The parties having moved and cross moved to confirm the Special Referee's report without questioning his recommendation with respect to the amount in which use and occupancy should be fixed, the IAS Court's adoption of that recommendation should not be reviewed on appeal (see, Matter of Angel Fabrics [Cravat Pierre], 51 AD2d 951, 952). In any event, we have reviewed the record of the hearing before the Special Referee and find no reason why his report should not have been confirmed (see, Namer v 152-54-56 W. 15th St. Realty Corp., 108 AD2d 705). We modify because in an action to recover possession of real property, damages for the withholding of the property, including the value of use and occupancy are recoverable (RPAPL 601; Rae v Sutbros Realty Corp., 6 AD2d 716, amended 6 AD2d 718, affd 6 NY2d 963), from the time the tenant begins to hold over without the landlord's consent (see, Beacway Operating Corp. v Concert Arts Socy., 123 Misc 2d 452). The record supports plaintiff's claim that defendant began to hold over on March 1, 1991. Concur— Carro, J. P., Milonas, Ellerin, Wallach and Kupferman, JJ.