■ The People of the State of New York, Respondent, v Sandra Servat, Appellant. [27 NYS3d 379]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Laura Ward, J., at plea and A. Kirke Bartley, J., at sentencing), rendered June 24, 2013, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Kapnick and Kahn, JJ.

■ 40 Rector Owner LLC, Appellant-Respondent, v City of New York, Respondent-Appellant. [29 NYS3d 282]—

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about May 11, 2015, which denied plaintiff's motion for summary judgment as to liability, and granted defendant's cross motion for summary judgment to the extent of dismissing the first, second, and fourth causes of action and denied the motion as to the third cause of action, unanimously modified, on the law, to deny the cross motion with respect to so much of the first and second causes of action as addresses periods through May 31, 2011, and otherwise affirmed, without costs.

From 1994 through July 23, 2010, defendant was a tenant under a multi-year lease with plaintiff or its predecessor; defendant was obliged to pay, and did pay, both fixed rent and additional rent. Additional rent included such items as real estate tax escalations and operating expense escalations.

From July 24, 2010 through May 31, 2011, defendant was a month-to-month tenant of certain portions of plaintiff's building (see Real Property Law § 232-c) with plaintiff's consent. Since the law implies that a tenant that holds over "does so upon the same terms and conditions as under his previous tenancy" (*Rossinski Realty Co. v Farrell*, 135 AD2d 465, 467 [1st Dept 1987]), from July 24, 2010 through May 31, 2011, defendant was obliged to pay both fixed rent and additional rent.

On April 11, 2011, plaintiff sent defendant a notice saying it was terminating the latter's month-to-month tenancy effective May 31, 2011. After defendant failed to vacate all of the spaces it had been occupying by that deadline, plaintiff commenced a holdover proceeding in June 2011. Thus, defendant owed use and occupancy from June 1, 2011 (see e.g. *South St. Ltd. Partnership v Jade Sea Rest.*, 187 AD2d 397 [1st Dept 1992]).

The motion court correctly dismissed so much of the first and second causes of action as sought use and occupancy for the fifth, eighth, and ninth floors from June 1, 2011 through February 28, 2012. Defendant vacated the ninth floor on or before September 30, 2010, and the fifth and eighth floors on April 28, 2011. It was not obliged to pay use and occupancy (as opposed to holdover month-to-month rent, which will be discussed below) after it had quit those premises (see *Peat v Dorilas*, 22 Misc 3d 142[A], 2009 NY Slip Op 50457[U] [Appellate Term, 2d Dept, 9th & 10th Jud Dists 2009]). It would be unjust to force defendant to pay for space it did not use (see *Carlyle, LLC v Beekman Garage LLC*, 133 AD3d 510, 511 [1st Dept 2015]). The case at bar is unlike *1133 Bldg. Corp. v Ketchum Com-*

*munications* (224 AD2d 336 [1st Dept 1996], *lv denied* 89 NY2d 816 [1997]), where a subtenant held over without either the landlord's or the tenant/sublandlord's permission, causing the tenant to be unable to deliver possession to the landlord of all of the floors it had leased. In the instant action, there is no indication that plaintiff wanted to re-let any of the space occupied by defendant.

Contrary to plaintiff's contentions based on the surrender of tenancy and occupancy agreement between the parties, since the lease had already expired on July 23, 2010, surrender is the wrong analytical concept (*see e.g. Stahl Assoc. Co. v Mapes*, 111 AD2d 626, 628 [1st Dept 1985]). Moreover, plaintiff's fact-based argument that defendant should be estopped from denying that February 28, 2012 was the surrender date is improperly raised for the first time on appeal (*see e.g. Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1st Dept 1988]).

As for the first and second causes of action to the extent they deal with the period from October 1, 2010 (for the ninth floor) or May 1, 2011 (for the fifth and eighth floors) through May 31, 2011, neither party established its entitlement to summary judgment. On the current record, we cannot tell if the original 1994 lease (as amended in 1996 and 1997) for multiple floors was divisible. If it was, then defendant's month-to-month tenancy for the ninth floor ended on September 30, 2010, and its month-to-month tenancy for the fifth and eighth floors ended on April 28, 2011. However, if the lease was not divisible, then defendant's month-to-month tenancy continued through May 31, 2011, and defendant was obliged to pay both rent and additional rent for all of the space covered by the lease.

Defendant contends that plaintiff has no right to seek use and occupancy for the fifth, eighth, and ninth floors for the period before June 1, 2011, because it had already received rent during the month-to-month tenancies. However, plaintiff did *not* receive rent *for the disputed spaces* (the fifth, eighth, and ninth floors); defendant withheld payment for those spaces.

As to the third cause of action, plaintiff made a prima facie case that defendant owed $260,819.22, and defendant submitted an affidavit by a person with knowledge, setting forth a different calculation and concluding that defendant owed plaintiff nothing.

To be sure, plaintiff is not entitled to "use and occupation" for the "period prior to the unauthorized holdover" (*Parkview Constr. Co. v Romanovsky*, NYLJ, Sept. 21, 1994 at 21, col 2-3 [App Term, 1st Dept 1994]). Defendant did not hold over in an

unauthorized manner until June 1, 2011. However, while the third cause of action seeks "use and occupancy" rather than unpaid rent for the month-to-month tenancy (for spaces other than the fifth, eighth, and ninth floors), instead of dismissing it with leave to replead, we deem it to be a cause of action for unpaid rent (*see* CPLR 2001).

As to the fourth cause of action, to the extent plaintiff sought attorneys' fees under the lease, it was entitled to them only in connection with re-letting the premises, and there is no indication that plaintiff incurred any attorneys' fees in that connection.

Although plaintiff did not rely on the attorneys' fees provision of the surrender of tenancy and occupancy agreement in its complaint, it relied on it in its summary judgment motion, and defendant had the opportunity to present its arguments in opposition. Hence, we will consider this argument (*see Rogoff v San Juan Racing Assn.*, 54 NY2d 883 [1981]). However, on the merits, it is unavailing. The surrender agreement provides for defendant to pay plaintiff's attorneys' fees if plaintiff "is required to commence litigation[ ] to enforce its rights hereunder" and is "the prevailing party." The instant action is not one to enforce plaintiff's rights under the surrender agreement. For example, plaintiff does not allege that defendant failed to make the payments (for use and occupancy from June 1, 2011 through December 31, 2013) required by section 7 of that agreement, or that it wrongfully remained at plaintiff's building after December 31, 2013. Defendant's refusal to pay the amounts that were disputed in the limited release and indemnification is not a breach of the surrender agreement; on the contrary, the latter specifically ratified and reaffirmed the former. Nor is plaintiff, at the current stage of the proceedings, the prevailing party. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Kapnick and Kahn, JJ.