Ronald D. Hermida, Appellant,
against
John Blochwitz, Debra Blochwitz, and Rose Ann Hand, Respondents, and Rose Nora Hand, Defendant.




Ronald D. Hermida, appellant pro se.
Jennifer Lynn Dellova, Esq., for respondent (no brief filed).

Appeal from a judgment of the City Court of Middletown, Orange County (Robert F. Moson, J.), entered June 26, 2015. The judgment, after a nonjury trial, awarded plaintiff the sum of only $670 on his cause of action against defendants John Blochwitz, Debra Blochwitz and Rose Ann Hand and awarded those defendants the sum of $1,500 on their counterclaim, resulting in a net judgment in favor of those defendants in the sum of $830.




ORDERED that the judgment is modified by increasing the award in favor of plaintiff on his cause of action to the sum of $2,800, resulting in a net judgment in favor of plaintiff in the sum of $1,300; as so modified, the judgment is affirmed, without costs.
Insofar as is relevant to this appeal in a small claims action to recover for rent arrears and for damage to the rental property, plaintiff alleges that John Blochwitz, Debra Blochwitz and Rose Ann Hand (defendants) were month-to-month tenants after the expiration of their lease in November 2012; that they paid only partial rent for December 2012; and that, since they did not vacate the premises until after January 1, 2013, they owe the entire month's rent of $2,150 for that month. Defendants counterclaimed for the return of their security deposit. Following a nonjury trial, the City Court awarded plaintiff the sum of $670, representing the $650 balance of [*2]rent due for December 2012 and a $20 index number fee, and awarded defendants the sum of $1,500 on their counterclaim, resulting in a net judgment in favor of defendants in the sum of $830. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Defendants became month-to-month tenants at a monthly rental of $2,150 upon plaintiff's acceptance of rent following the termination of their lease on November 30, 2012 without a new agreement, either express or implied, having been entered into (see Real Property Law § 232-c). As a general rule, a month-to-month tenancy which follows the expiration of a lease continues on the same terms as the expired lease (see Lakeside Plaza v Impala Press, 237 AD2d 334 [1997]; Tricarichi v Moran, 38 Misc 3d 31 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), absent "acts and conduct of the parties negat[ing] the existence of the original contract" (Transit Drive-In Theatre v Outdoor Theatre Caterers, 53 AD2d 1009, 1009 [1976]). Here, it is undisputed that defendants paid partial rent for December 2012 and that plaintiff served defendants with a three-day notice in December 2012. There was no proof of a course of conduct indicating an intent to alter the monthly rent when plaintiff accepted defendants' partial tender of $650 after the lease expired (cf. Bahamonde v Grabel, 34 Misc 3d 58, 61-62 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). 
Where rent is due on the first of the month, a month-to-month tenant who vacates during the month is liable for the entire month's rent (see Hickey v Trahan, 50 Misc 3d 138[A], 2016 NY Slip Op 50141[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Here, plaintiff testified that he had had telephone conversations with defendants on January 1, 2013 and January 3, 2013, in which defendants had stated that they were moving out in seven days. Defendants did not rebut plaintiff's testimony. We note that while the lease that they submitted to the City Court for their new apartment stated that it commenced on January 1, 2013, it was dated January 7, 2013. Since defendants vacated the premises after January 1, 2013, they are liable for rent for the entire month of January 2013. Thus, substantial justice was not done according to the principles of substantive law with respect to plaintiff's claim for rent.
Defendants counterclaimed for the return of their $1,500 security deposit. As a general rule, a tenant's security deposit remains the tenant's property (see General Obligations Law § 7-107 [7]) and must be returned at the tenancy's conclusion, absent proof that the tenant caused damage beyond ordinary wear and tear (see Pignatello v Dutchess Knolls, Inc., 51 Misc 3d 145[A], 2016 NY Slip Op 50736[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Where a landlord establishes that the tenant caused such damage, it is the landlord's further burden " to establish . . . the reasonable value . . . of any of the repairs allegedly made to the premises' " (id. at *2, quoting Mills v Lynch, 48 Misc 3d 131[A], 2015 NY Slip Op 51046[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). While it is questionable whether plaintiff established any [*3]damage by defendants beyond ordinary wear and tear, in any event, plaintiff failed to produce sufficient proof of the reasonable value of the cost of repairs in the form of paid receipts or two itemized estimates (see UCCA 1804; Ankhbara v Sharplis-Esprit, 47 Misc 3d 145[A], 2015 NY Slip Op 50699[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Thus, the City Court's determination that plaintiff failed to demonstrate that he was entitled to withhold defendants' security deposit is supported by the record.
Accordingly, the judgment is modified by increasing the award in favor of plaintiff on his cause of action to the sum of $2,800, resulting in a net judgment in favor of plaintiff in the sum of $1,300. 
Iannacci, J.P., Tolbert and Brands, JJ., concur.
Decision Date: May 23, 2017