The Carlyle, LLC, Petitioner-Landlord- Cross-Appellant, 
against
Quik Park Beekman II, LLC, Respondent-Tenant-Appellant, -and- Quik Park Beekman LLC and Beekman Garage LLC, Respondents-Undertenants- Respondents, Quik Park 1633 Garage LLC, Respondent-Undertenant- Appellant, -and- "XYZ Corp.," "ABC Corp.," "John Doe" and "Jane Doe", Respondents-Undertenants.



Tenant Quik Park Beekman II, LLC, as limited by its briefs, appeals from so much of (1) an order of the Civil Court of the City of New York, New York County (David B. Cohen, J.), entered December 30, 2015, after a hearing, and (2) an amended judgment (same court and Judge), entered June 6, 2016, which awarded landlord use and occupancy against it in the principal sum of $1,047,288.56 in a holdover summary proceeding (appeal No 1). Undertenant Quik Park 1633 Garage LLC, as limited by the briefs, appeals from so much of the aforesaid order and from an amended judgment (same court and Judge), entered June 6, 2016, which awarded landlord use and occupancy against it in the principal sum of $333,333.35 (appeal No. 2). Landlord, as limited by its briefs, cross-appeals from so much of the aforesaid order and amended judgments which dismissed its claims against respondents Quick Park Beekman LLC [*2]and Beekman Garage LLC, and limited its monetary recovery against appellants (appeal No. 3).




Per Curiam.
Amended judgment (David B. Cohen, J.), entered June 6, 2016 (appeal Nos. 1 and 3), modified to the extent of vacating the dismissal of the use and occupancy claims against Quick Park Beekman LLC and Beekman Garage LLC, and directing entry of an amended money judgment in favor of landlord and against Quik Park Beekman II, LLC, Quick Park Beekman LLC and Beekman Garage LLC, jointly and severally, in the principal sum of $1,047,288.56; as modified, amended judgment affirmed, with $25 costs. Amended judgment (David B. Cohen, J.), entered June 6, 2016 (appeal No. 2), affirmed, without costs. Cross appeals from order (David B. Cohen, J.), entered December 30, 2015, dismissed, without costs, as subsumed in the cross appeals from the amended judgments.
The underlying 2001 commercial lease agreement for the East 76th Street, multi-level, parking garage premises at issue, as well as its 2009 extension/modification agreement, contained liquidated damages provisions together providing for use and occupancy at two times the rent plus $25,000 per month in the event of a holdover. We agree with Civil Court that this agreement, entered into by sophisticated parties as part of a commercial lease agreement setting forth a monthly rent in excess of $100,000 per month, did not constitute an unenforceable penalty (see 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528 [2014]). Tenant Quik Park Beekman II, LLC ["tenant"] failed to establish that damages could have easily been anticipated when the lease and its extension/modification were executed, or that the amount fixed was plainly or grossly disproportionate to the loss (see Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 425 [1977]; Tenber Assoc. v Bloomberg L.P., 51 AD3d 573 [2008]).
Tenant also contends that the liquidated damages provision is not enforceable against it because it was not a party to the lease, and was not a legal assignee of the lease since landlord never consented to the assignment. We disagree. Contrary to tenant's contention, there exists no factual issue as to whether tenant is bound by the liquidated damages provision. Landlord affirmatively pleaded in paragraph eight of the petition that tenant "was the tenant of the premises" pursuant to the aforementioned lease and extension/modification agreement between landlord and tenant's predecessor, which lease was thereafter assigned to tenant. This formal judicial admission by landlord (see Bogoni v Friedlander, 197 AD2d 281, 291-292 [1994], lv denied 84 NY2d 803 [1994]), not denied by tenant in its answer, was therefore, deemed admitted (see CPLR 3018[a]). "Consequently that fact is not in controversy" (Urraro v Green, 106 AD2d 567, 568 [1984]). In any event, we note that the assignment of the lease to tenant was unconditional. Pursuant to the assignment, tenant "agree[d] to pay the rent promptly and perform all of the terms of the Lease... [and] assume[d] full responsibility for the Lease as if [tenant] signed the Lease originally as Tenant." Landlord impliedly consented to the assignment by collecting rent from tenant immediately after the assignment was executed and commencing a nonpayment proceeding against tenant in 2013.
Civil Court also correctly rejected tenant's argument that a partial actual or constructive eviction bars the landlord from collecting the liquidated damages agreed to in the lease for their holding over beyond the expiration of the lease (see Parsons & Whittemore v 405 Lexington, 299 AD2d 156, 157 [2002], lv dismissed in part, denied in part 99 NY2d 650 [2003]). In any [*3]event, landlord's installation of scaffolding, as part of its repairs to the facade, was not a wrongful act constituting an eviction because it was authorized by the lease (see Carlyle, LLC v Beekman Garage LLC, 133 AD3d 510, 510 [2015]). 
We also sustain the use and occupancy award against undertenant Quik Park 1633 Garage LLC (see Carlyle, LLC v Beekman Garage LLC, 133 AD3d at 512). Although undertenant appeared at the inquest, it did not answer the petition, never moved to vacate its default and, indeed, expressly disclaimed any intent to seek vacatur relief. Thus, undertenant is deemed to have admitted all traversable allegations in the petition, including basic allegations of liability (see Hermitage Ins. Co. v Athena Mgt. Corp., 115 AD3d 628, 629 [2014]). In these circumstances, undertenant's present argument that the court could not enter a money judgment against it is not properly before us, since undertenant's liability was law of the case (see Taylor v Brooke Towers LLC, 73 AD3d 535 [2010]), and the issue which undertenant is now raising was not the subject of contest below (see James v Powell, 19 NY2d 249, 256 n 3 [1967]). We further note that a fair interpretation of the evidence supports Civil Court's finding that undertenant "was in possession, never surrendered possession, [and] remained in possession throughout the entire holdover period." We also note that landlord complied with all the procedural requirements of RPAPL article 7. 
With respect to the cross appeal, we agree with landlord that a money judgment should have been entered against defaulting respondents Quick Park Beekman LLC and Beekman Garage LLC. Beekman Garage LLC was the tenant under the original lease and Quick Park Beekman LLC, successor by assignment from Beekman Garage LLC, was designated as tenant pursuant to the extension/modification agreement. These entities remained fully liable for all obligations under the underlying agreements, pursuant to Article 44(c) thereof, notwithstanding that the lease was assigned to Quick Park Beekman II, LLC.
Landlord failed to establish a legal or factual basis to increase the use and occupancy awards. We have considered all of the parties' remaining arguments and find them unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 12, 2018