Decker Assoc. LLC v Kim (2023 NY Slip Op 51260(U))

[*1]

Decker Assoc. LLC v Kim

2023 NY Slip Op 51260(U)

Decided on November 22, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 22, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

571008/23

Decker Associates LLC, Petitioner-Landlord-Respondent, 
against
Walter Kim and Leslie Ann Feldman-Kim, Respondents-Tenants-Appellants, 
 and John Doe and Jane Doe, Respondents-Undertenants.

Respondents Walter Kim and Leslie Ann Feldman-Kim, as limited by their briefs, appeal from so much of an order and final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), each entered on or about November 4, 2022, after a nonjury trial, as awarded a money judgment against respondent Leslie Ann Feldman-Kim in the sum of $525,950.00, in a holdover summary proceeding.

Per Curiam.
Final judgment (Jack Stoller, J.), entered November 4, 2022, modified by reducing the amount of landlord's monetary recovery against respondent Leslie Ann Feldman-Kim to the sum of $125,600.00; as modified, final judgment affirmed, without costs. Appeal from order (Jack Stoller, J.), entered on or about November 4, 2022, dismissed, without costs, as subsumed in the appeal from the final judgment.
Respondent Walter Kim was the only tenant named in the now-expired lease agreement, and therefore he is solely liable for the rent owed during the ensuing month-to-month tenancy, which landlord terminated effective May 31, 2021. A month-to-month tenancy created after expiration of a lease is deemed to be on the same terms and conditions as the expired lease (see City of New York v Pennsylvania R.R. Co., 37 NY2d 298, 300-301 [1975]; Stephen LLC v Zazula, 171 AD3d 488 [2019]; Levy v Carol Mgt. Corp., 260 AD2d 27, 33 [1999]). Inasmuch as respondent Leslie Ann Feldman-Kim was not a party to the lease, she is not liable for unpaid rent owed through May 31, 2021 (see Kenilworth Equities Ltd. v Di Donato, 8 Misc 3d 130[A], 2005 NY Slip 51036[U] [App Term, 2nd Dept, 9th & 10th Jud Dists 2005]).
Respondent Feldman-Kim did not hold over in an unauthorized manner until June 1, 2021. Her liability for use and occupancy "irrespective of the existence of a lease in the name of another" (Carlyle, LLC v Beekman Garage LLC, 133 AD3d 510, 511 [2015]) commenced at that time (see 40 Rector Owner LLC v City of New York, 137 AD3d 700, 702-703 [2016]). An "occupant's duty to pay the landlord for its use and occupancy of the premises is predicated upon the theory of quantum meruit, and is imposed by law for the purpose of bringing about justice without reference to the intention of the parties" (Eighteen Assoc. v Nanjim Leasing Corp., 257 AD2d 559, 560 [1999] [internal quotation marks and citation omitted]). We have reduced the judgment accordingly.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 22, 2023